# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARA ERESIAN, JR., <br><br> Plaintiff, <br><br> v. <br><br> RYA W. ZOBEL; RESIDENTIAL FUNDING COMPANY, LLC f/k/a RESIDENTIAL FUNDING CORPORATION; RESCAP SECURITIES HOLDINGS CO.; HINSHAW & CULBERTSON LLP; LISA URSO and THE UNITED SATES MARSHALS SERVICE FOR THE DISTRICT OF MASSACHUSETTS, by and through Deputy Director David L. Harlow, and any successor, <br><br> Defendants, <br><br> and <br><br> ALLISON L. RANDLE, <br><br> Interested Party. | CIVIL ACTION NO.: 4:17-CV-40106-TSH |

**MEMORANDUM OF REASONS OF RESIDENTIAL FUNDING COMPANY, LLC, RESCAP SECURITIES HOLDINGS CO. AND HINSHAW & CULBERTSON LLP IN SUPPORT OF MOTION TO DISMISS AND FOR COSTS AND SANCTIONS AGAINST PLAINTIFF**

## I.  INTRODUCTION

The Court should dismiss the Plaintiff's Verified Complaint against Defendants, Residential Funding Company, LLC, f/k/a Residential Funding Corporation ("Residential"), RESCAP Securities Holdings Co. ("RESCAP"), and Hinshaw & Culbertson LLP ("Hinshaw") (altogether as "Defendants") because, as this Court already ruled on September 21, 2017 (Doc. No. 7) in response to Plaintiff's Motion for a Temporary Restraining Order, the Plaintiff is

permanently enjoined from "any further filings in the United States District Court regarding the foreclosure of, or the Plaintiff's possession of, the real property located at 83-85 Whitney Street, Unit No. 83, Northborough, Massachusetts" ("the Property"). The Plaintiff's Verified Complaint does just that as it challenges his eviction from, and possession of, the Property and therefore, violates the permanent injunction against him.

What's more, the allegations in the Verified Complaint are moot because, after the Court denied the Motion for a Temporary Restraining Order, the eviction went forward, and both the Plaintiff and Interested Party Allison L. Randle ("Randle") and their personal property were removed from the Property. In addition to other pleading deficiencies, the Plaintiff has asserted no counts in his Verified Complaint against Hinshaw, which is another basis for dismissing the firm.

The Plaintiff has advised that he will be amending his complaint, but any such attempt would be futile as it would continue to be in violation of the permanent injunction against him. In any event, the Court should issue sanctions against the Plaintiff in the form of the Defendants' attorneys' fees and costs associated with this lawsuit because of his blatant disregard for the injunction and to disincentive him from further frivolous filings, plus any further relief that the Court deems appropriate.

## II.    RELEVANT BACKGROUND

Although the Verified Complaint, and any further amendment of it, should be dismissed due to the order enjoining the Plaintiff from any further filings related to the foreclosure or possession of the Property, the Defendants provide a brief history of this matter to demonstrate how the Plaintiff's dilatory and frivolous conduct resulted in an injunction against him and why sanctions should be issued for this impermissible violation. For a full recitation of the procedural

history, including all of the lawsuits, bankruptcies and appeals filed by the Plaintiff or Ms. Randle to thwart the Defendants' ability to take possession of the Property that Residential and RESCAP have owned since the foreclosure in September 2011, please refer to Case No. 4:15-cv-40077-TSH, No. 10 – Memorandum in Support of Motion to Dismiss Motion for Preliminary Injunction and to Enjoin [Eresian] From Further Frivolous and Vexatious Filings, dated October 20, 2015; and Case No. 1:11-cv-12111-RWZ, No. 190 - Emergency Motion for Issuance of New Writ of Execution, filed June 27, 2017.

**A.    Foreclosure and Second Amended Judgment**

Residential became owner of the Property following a foreclosure sale on September 23, 2011. *See* Exhibit 1 - Foreclosure Deed recorded on May 20, 2013.[1] The Plaintiff and Randle, who granted the subject mortgage, both wrongfully held over at the Property until the federal marshals evicted them over four years later on September 22, 2017. The baseless challenges started immediately after the foreclosure. As an example, a company controlled by the Plaintiff, El Dorado Canyon Properties, LLC ("El Dorado"), filed a lawsuit (the "El Dorado Action") on November 21, 2011, to prevent the foreclosure deed from being recorded and an eviction from going forward. *See* Docket for C.A. No. 1:11-cv-12111-RWZ.

On June 7, 2013, Residential filed a summary process eviction action against Randle and the Plaintiff in the Worcester Housing Court ("Summary Process Action"). In response, Randle and the Plaintiff filed unfounded counterclaims alleging, *inter alia*, wrongful foreclosure that mirrored the El Dorado Complaint. Randle removed the Summary Process Action to this Court, where it was assigned Docket No. 4:13-cv-40076-TSH. *See* Docket for C.A. No. 4:13-cv-40076-TSH, at ECF No. 1.

---

[1] All exhibits to this Motion are attached to the Affidavit of Jordan S. O'Donnell.

The El Dorado Action and Summary Process Action were consolidated on March 13, 2014 ("Consolidated Action"). *See* Docket for C.A. No. 1:11-cv-12111-RWZ, at ECF Nos. 60-61. After a trial, the jury returned a verdict in favor of Residential and on December 11, 2014, the Court entered the Second Amended Judgment in favor of Residential. The Judgment declared the foreclosure lawful and awarded Residential possession of the Property and $64,800.00 in monetary damages. *See* Docket for C.A. No. 1:11-cv-12111-RWZ, at ECF Nos. 112-114, 121. On December 29, 2014, a Writ of First Execution on Second Amended Judgment ("First Writ") issued directing the United States Marshals Service for the District of Massachusetts ("Marshals Service"), to deliver possession of the Property to Residential. *See* Docket for C.A. No. 1:11-cv-12111-RWZ, at ECF No. 126.

**B.  Post-Trial Dilatory Tactics by the Plaintiff and Randle, and Injunction against the Plaintiff Enjoining Further Filings**

Pursuant to the Second Amended Judgment and First Writ, the Marshals Service scheduled an eviction of the Plaintiff and Randle from the Property for February 26, 2015. *See* Exhibit 2 – Declaration of Alison L. Hodgkins. However, that eviction did not go forward and further attempts to evict could not be made for a significant time thereafter due to numerous dilatory tactics and frivolous pleadings filed by the Plaintiff and Randle:

- The Plaintiff filed two unsuccessful motions in November and December 2014 to rescind the First Writ and vacate the Second Amended Judgment, and unsuccessfully moved to stay the issuance of a new execution, while Randle noticed an appeal in February 2015 as these various orders, and unsuccessfully moved to determine bond. *See* Docket for C.A. No. 1:11-cv-12111-RWZ, at ECF Nos. 117, 118, 122-125, 127-129, 131-133, 135, 139.

- After El Dorado/the Plaintiff filed an involuntary bankruptcy against Randle in February 2015 that was dismissed, Randle then filed a subsequent bankruptcy petition and unsuccessful emergency motion to stay the writ, and then noticed an appeal of the denial of stay. *See* Docket for C.A. No. 1:11-cv-12111-RWZ, at ECF Nos. 140-145. Randle's two appeals were eventually consolidated and not ruled

upon until July 2015 pursuant to the "involuntary" bankruptcy. *See id.*, at ECF No. 149, 155.

- In September 2015, the Plaintiff unsuccessfully moved to amend or alter, and then moved for reconsideration of, a District Court determination that he had not effectively filed a notice of appeal. *See id.*, at ECF Nos. 159, 164-165, 170.

- The Plaintiff filed another lawsuit in June 2015 challenging the validity of the foreclosure, the Second Amended Judgment, and writs issued in favor of Residential. *See* Docket for C.A. No. 4:15-cv-40077-TSH ("2015 Action"). The Plaintiff's complaint sought declaratory relief. The complaint was dismissed in November 2015, and pursuant to a motion by Residential and RESCAP, an order entered (the "Injunction") enjoining the Plaintiff from any further filings in the United States District Court regarding the foreclosure or possession of the Property:

    > [A]ll claims asserted in the Verified Complaint are dismissed and Plaintiff is enjoined from any further filings in the United States District Court regarding the foreclosure of, or Plaintiffs possession of, the real property located at 83-85 Whitney Street, Unit No. 83, Northborough, Massachusetts.

    *See id.*, at ECF Nos. 9-11, 15. The Plaintiff unsuccessfully appealed this order. *See id.*, at ECF Nos. 17-21.

- Further appeals of earlier orders in the Consolidated Action were filed by the Plaintiff and Randle in February 2016, which were not affirmed by the First Circuit Court of Appeals, along with the Second Amended Judgment, until May 2016. *See* Docket for C.A. No. 1:11-cv-12111-RWZ, at ECF No. 172, 176.

- Residential had sought to have the Consolidated Action reopened and RESCAP substituted as plaintiff in July 2015 (after the First Circuit affirmed the Second Amended Judgment), but its motion was not granted until May 2016 because of the pending appeals and frivolous oppositions from the Plaintiff and Randle. *See id.*, at ECF Nos. 153, 157, 160-161, 169-171, 177.

- In May 2016, a Writ of Amended First Execution on Second Amended Judgment ("Second Writ") issued in favor of RESCAP because the First Writ had expired due to the Plaintiff and Randle's delay tactics. *See id.*, at ECF No. 178. The Plaintiff and Randle, however, had first filed an unsuccessful Joint Petition for Writ of Prohibition in the First Circuit, seeking to preclude the issuance of the Second Writ. *See id.*, at ECF No. 180.

- Immediately after that denial, the Plaintiff filed a notice of appeal of the District Court's order reopening the Consolidated Action, which was unsuccessful. *See id.*, at ECF Nos. 182, 184. The First Circuit did not affirm the order until May 2017 because of Randle's pending bankruptcy petition. *See id.*, at ECF Nos. 188-189.

However, because of the delays caused by the Plaintiff and Randle, the First Circuit's mandate issued more than a year after the Second Writ had issued. *See id.*

**C.      Third Writ of Execution, Eviction, and Current Action**

On June 30, 2017, the Court issued a Writ of Execution on Second Amended Judgment ("Third Writ") in favor of RESCAP. *See id.*, at ECF No. 190, 192. In violation of the Injunction against him, the Plaintiff thereafter filed the present Verified Complaint. *See* Exhibit 3 – Verified Complaint; Docket for C.A. No. 4:17-cv-40106-TSH. The Verified Complaint wrongly interprets Massachusetts law pertaining to executions and possession of property, and alleges that the First Writ, Second Writ, and Third Writ (together, the "Three Writs") are void, the Second Amended Judgment is unenforceable, and Judge Zobel and her clerk, Lisa Urso, acted beyond the "scope of their jurisdictional authority."

Pursuant to the Third Writ, RESCAP and the Marshals Service scheduled the eviction of the Plaintiff and Randle from the Property for September 22, 2017. The Marshals Service served 48-hour notices to quit on them both on September 19, 2017. *See* Exhibit 4 – Return of Service of 48-Hour Notices to Quit; Docket for C.A. No. 1:11-cv-12111-RWZ, at ECF Nos. 194-195.

On September 21, 2017, the Plaintiff attempted to prevent the eviction by filing a motion for a temporary restraining order. *See* Docket for C.A. No. 4:17-cv-40106-TSH, at ECF No. 6. However, this Court denied that motion the same day, stating:

> This matter has been the subject of several lawsuits in this court filed by the Plaintiffs seeking to enjoin the foreclosure and sale of property located at 83-85 Whitney Street, Northborough, Massachusetts, (15-40077, Eresian v. GMAC et al., and 17-40106, Eresian v. Zobel). In 15-40077, on 11/24/15 I dismissed the Plaintiff's claims and enjoined "any further filings in the United States District Court regarding the foreclosure of, or Plaintiff's possession of, the real property located at 83-85 Whitney Street, Unit No. 83, Northborough, Massachusetts." Since this filing contravenes this order and the Plaintiffs' submissions in support of

> this request are without merit, their request for a temporary restraining order is denied.

*See id.*, at ECF No. 7.

The eviction went forward on September 22, 2017, and RESCAP took possession, as demonstrated by the return of the Third Writ filed by the Marshals Service on September 26, 2017. *See* Exhibit 5 – Return for Execution of Writ for Possession; Docket for C.A. No. 4:17-cv-40106-TSH, at ECF No. 196.

### III.    LEGAL STANDARD

**A.    Mootness**

"A case becomes moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496-97 (1969), *citing* E. Borchard, Declaratory Judgments 35-37 (2d ed. 1941). The Supreme Court of the United States has also been described mootness as "'the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue through its existence (mootness).'" *D.H.L. Assocs. v. O'Gorman*, 199 F.3d 50, 54 (1st Cir. 1999), *quoting United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 397 (1980) (internal citations omitted).

A court may not hear an action that loses "its character as a present, live controversy of the kind that must exist to avoid advisory opinions on abstract propositions of law." *Boston's Children First v. Boston Sch. Comm.*, 183 F.Supp.2d 382, 393 (D. Mass. 2002), *citing Hall v. Beals*, 396 U.S. 45, 48 (1969) (*per curiam*). Accordingly, once a case loses its actual controversy, it is moot and a federal court lacks jurisdiction to decide the questions at issue. *Shadduck v. Rodalakis*, 221 B.R. 573, 578 (D. Mass. 1998). Here, no actual controversy

presently exists with regards to the Defendants because RESCAP has already taken possession of the Property.

B.   **Motion to Dismiss for Failure to State a Claim under Which Relief May be Granted**

In resolving a motion to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), the Court "treat[s] as true all non-conclusory factual allegations in the complaint, while identifying and disregarding statements in the complaint that offer 'legal conclusions' or 'threadbare recitals of the elements of a cause of action.'" *Ocasio-Hernandez v. Fortuno-Burset*, 640 F. 3d 1, 12 (1st Cir. 2011). A plaintiff must allege facts in support of "each material element necessary to sustain recovery under some actionable legal theory." *Campagna v. Mass. Department of Environmental Protection*, 334 F. 3d 150, 155 (1st Cir. 2003). A dismissal pursuant to Rule 12(b)(6) is ordinarily a final decision on the merits, and is thus with prejudice. *See Acevedo-Villalobos v. Hernandez*, 22 F. 3d 384, 388 (1st Cir. 1994). Here, the Plaintiff's claims fail to state a claim under which relief may be granted because he has been enjoined by this Court from advancing such claims, and no claims are directed at Hinshaw.

## IV.   ARGUMENT

A.   **The Plaintiff's Claims Are Enjoined**

Notwithstanding that the Plaintiff's claims against the Defendants are moot because RESCAP has taken possession of the Property, the Verified Complaint and this entire action are prohibited by Judge Hillman's November 24, 2015, order in the 2015 Action. That order explicitly enjoins the Plaintiff from "any further filings in the United States District Court regarding the foreclosure or possession of" the Property. *See* Docket for C.A. No. 4:15-cv-40077-TSH, at ECF No. 15.

The Plaintiff's claims against the Defendants pertain *solely* to the possession of the Property. By challenging the validity and enforceability of the Second Amended Judgment and the Three Writs, the Plaintiff sought to prevent RESCAP from taking possession. Therefore, the Plaintiff's filing of the Verified Complaint was in direct defiance of the Injunction, which had been issued because of the Plaintiff's prior vexatious and frivolous filings, as described above and in the referenced motions/pleadings. This gross violation warrants a dismissal of the Verified Complaint as to the Defendants with prejudice and sanctions against the Plaintiff.

The Court should also reject any potential claim by the Plaintiff that he has not violated the Injunction because the Verified Complaint only challenges the "procedural method" for RESCAP to obtain possession. Such would be an attempt at an end-around. The Injunction is unambiguous and clearly states that the Plaintiff is barred from any "further filings" related to the Property's foreclosure or possession, which the Verified Complaint solely concerns.

The Plaintiff's clear defiance of the Injunction is also demonstrated by Judge Hillman's September 21, 2017 Order on his Motion for a Temporary Restraining Order, which denied the Plaintiff's motion for a temporary restraining order by stating:

> This matter has been the subject of several lawsuits in this court filed by the Plaintiffs seeking to enjoin the foreclosure and sale of property located at 83-85 Whitney Street, Northborough, Massachusetts, (15-40077, Eresian v. GMAC et al., and 17-40106, Eresian v. Zobel). In 15-40077, on 11/24/15 I dismissed the Plaintiff's claims and enjoined "any further filings in the United States District Court regarding the foreclosure of, or Plaintiff's possession of, the real property located at 83-85 Whitney Street, Unit No. 83, Northborough, Massachusetts." Since this filing contravenes this order and the Plaintiffs' submissions in support of this request are without merit, their request for a temporary restraining order is denied.

*See* Docket for C.A. No. 4:17-cv-40077-TSH, at ECF No. 7. The Plaintiff's motion for a temporary restraining order contained the same allegations as the Verified Complaint and was

based on the Verified Complaint's pendency at the time of the scheduled eviction. Judge Hillman's determination that the motion's contents were enjoined should lead to the same conclusion as to the Verified Complaint. *See id.*, at ECF No. 6. Accordingly, it is not even necessary to consider the merits of the Plaintiff's Verified Complaint, which would still fail as a matter of law.

**B.     Any Attempt by the Plaintiff to Amend the Verified Complaint Should Be Denied as Futile**

Following RESCAP taking possession of the Property on September 22, 2017, the Plaintiff indicated to the Defendants' counsel by email, on October 3, 2017, that he would be amending his Verified Complaint "to reflect additional facts and allegations." *See* Exhibit 6 – Email from the Plaintiff. To date, the Plaintiff has failed to do so, but pursuant to Fed. R. Civ. P. 15(a)(1)(b), he will have twenty-one (21) days after service of any responsive pleadings or Fed. R. Civ. P. 12 motions to do so. Despite the Plaintiff's email statement, it appears he will wait until after the Defendants have moved to dismiss the Verified Complaint to file an amended complaint, so as to needlessly prolong this frivolous and prohibited action and cause the Defendants to further incur unnecessary costs.

Accordingly, in response to this Motion to Dismiss, the Court should also prohibit the filing of an amended complaint against the Defendants, pursuant to the Injunction, and dismiss the lawsuit with prejudice. RESCAP's possession of the Property does not change the Injunction's prohibition of any pleadings related to the Property's foreclosure or possession.

**C.     The Plaintiff's Claims as to the Defendants Are Moot**

Only Counts I-IV and VI-VII of the Plaintiff's Verified Complaint reference Residential, RESCAP, and Hinshaw. The first four counts seek declaratory judgments that the Second Amended Judgment and Three Writs are void and/or unenforceable, while the sixth and seventh

counts seek injunctive relief against the enforcement of the Second Amended Judgment and Third Writ. Through these requests, which include particular findings as to Massachusetts law, the Plaintiff had sought to prevent RESCAP from taking possession of the Property.

However, the First Writ and Second Writ have long expired, and RESCAP took possession of the Property on September 22, 2017, pursuant to a Third Writ. Accordingly, Counts I-IV and VI-VII of the Plaintiff's Verified Complaint, as they pertain to the Defendants, are now moot. They are no longer "live" because the Plaintiff lacks an interest in their outcome. *See Powell*, 395 U.S. at 496-97. Although the Plaintiff and Randle may have had a viable interest in the Court's findings when the Plaintiff filed the Verified Complaint, as he and Randle were in possession of the Property, they no longer do because they have already lost possession of the Property and have no legally cognizable interest in the Court's potential findings regarding the expired or enforced judgment and writs, as well as the requested interpretations of Massachusetts law. *See Powell*, 395 U.S. at 496-97; *D.H.L. Assocs. v. O'Gorman*, 199 F.3d at 54. Rather, the declaratory judgments in Counts I-IV would constitute advisory opinions and the injunctive relief in Counts VI-VII cannot be provided. *See Boston's Children First*, 183 F.Supp.2d at 393.

### D.     No Claim is Stated Against Hinshaw & Culbertson LLP

In additional to the Verified Complaint being moot, it names Hinshaw as a defendant without stating a claim against it. The only counts against Hinshaw pertain to the Counts VI-VII, which request injunctive relief. As RESCAP has taken possession of the Property pursuant to the Third Writ and Second Amended Judgment, such relief cannot be awarded. Furthermore, Hinshaw, as counsel for Residential and RESCAP, should not have been named a defendant. Accordingly, the Verified Complaint against Hinshaw should be dismissed.

**E.     The Court Should Issue Sanctions Against the Plaintiff**

The Plaintiff's blatant disregard of the Injunction has wasted time and resources of both the Court and Defendants. The Court was forced to review the Plaintiff's improper motion for a temporary restraining order and now this motion to dismiss, which the Defendants' should not have to defend against. The Plaintiff's lengthy history of dilatory, vexatious, and frivolous filings led Residential and RESCAP to seek and obtain the Injunction. The Plaintiff disregards the injunction as if the Court's words have no meaning. The only way to ensure that the Plaintiff does not file further impermissible pleadings, even after he and Randle have lost possession of the Property, is to issue sanctions against him in the form of the Defendants' costs for filing this motion and all other relief that this Court deems appropriate. To the extent the Court grants this motion, the Defendants will file an affidavit of costs.

There is no question that the Court has the authority to impose sanctions on the Plaintiff. Judges are inherently authorized "to do what is necessary to achieve the 'orderly and expeditious disposition of cases.'" *Jillson Co., Inc. v. Reznik*, 2008 Mass.App.Div. 63, at *4, *quoting Anderson v. Sport Lounge, Inc.*, 27 Mass.App.Ct. 1208, 1209, (1989). Among this authority is a judge's power "to sanction a party for disobedience of a court order." *Id.*, *quoting* <u>Beit v. Probate & Family Court Dep't.</u>, 385 Mass. 854, 859 (1982). The Plaintiff's disobedience of the Injunction against him is unquestionable. Without sanctions, there will be little disincentive against the Plaintiff filing further pleadings and appeals related to the Property's foreclosure and possession.

**V.     CONCLUSION**

WHEREFORE, the Defendants, Residential Funding Company, LLC f/k/a Residential Funding Corporation, RESCAP Securities Holdings Co., and Hinshaw & Culbertson LLP move

this Court to dismiss the Verified Complaint of the Plaintiff, Ara Eresian, Jr., as it pertains to the claims against them, issue sanctions in the form of their attorneys' fees and costs for this motion, and other such relief as the Court deems proper.

>Respectfully submitted,
>
>RESIDENTIAL FUNDING COMPANY, LLC, f/k/a RESIDENTIAL FUNDING CORPORATION,
>RESCAP SECURITIES HOLDINGS CO., and HINSHAW & CULBERTSON LLP
>
>By their Attorneys,
>
>*/s/ Justin M. Fabella*
>Justin M. Fabella, BBO #654859
>Jordan S. O'Donnell, BBO# 684001
>Hinshaw & Culbertson LLP
>28 State Street, 24th Floor
>Boston, MA 02109-1775
>Tel: (617) 213-7000 / Fax: (617) 213-7001
>Email: jfabella@hinshawlaw.com
>         jodonnell@hinshawlaw.com

Dated: November 21, 2017

## CERTIFICATE OF SERVICE

I, Justin M. Fabella, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on November 21, 2017, specifically:

Ara Eresian, Jr., *Pro Se*
P.O. Box 499
Shrewsbury, MA 01545-0499

>*/s/ Justin M. Fabella*
>Justin M. Fabella