UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARA ERESIAN, JR., <br><br>   Plaintiff, <br><br>v. <br><br>RYA W. ZOBEL; RESIDENTIAL FUNDING COMPANY, LLC f/k/a RESIDENTIAL FUNDING CORPORATION; RESCAP SECURITIES HOLDINGS CO.; HINSHAW & CULBERTSON LLP; LISA URSO and THE UNITED SATES MARSHALS SERVICE FOR THE DISTRICT OF MASSACHUSETTS, by and through Deputy Director David L. Harlow, and any successor, <br><br>   Defendants, <br><br>and <br><br>ALLISON L. RANDLE, <br><br>   Interested Party. | CIVIL ACTION NO.: 4:17-CV-40106-TSH |

**MEMORANDUM OF REASONS IN SUPPORT OF RENEWED MOTION TO DISMISS OF RESIDENTIAL FUNDING COMPANY, LLC, RESCAP SECURITIES HOLDINGS CO. AND HINSHAW & CULBERTSON LLP AND FOR AWARD OF COSTS AND SANCTIONS AGAINST PLAINTIFF**

## I. INTRODUCTION

The Court should dismiss the Plaintiff's First Amended Verified Complaint ("Amended Complaint") with prejudice against the Defendants[1] because it is in direct violation of this

---

[1] The moving Defendants are Residential Funding Company, LLC, f/k/a Residential Funding Corporation ("Residential"), RESCAP Securities Holdings Co. ("RESCAP"), and Hinshaw & Culbertson LLP ("Hinshaw") (altogether, the "Defendants").

Court's November 24, 2015, Injunction ("Injunction") finding that the "Plaintiff is enjoined from any further filings in the United States District Court regarding the foreclosure of, or Plaintiffs possession of, the real property located at 83-85 Whitney Street, Unit No. 83, Northborough, Massachusetts" (the "Property"). *See* C.A. No. 4:15-cv-40077-TSH, at ECF No. 15. All of the counts in the Amended Complaint relate to the foreclosure or the Plaintiff's possession of the Property and, therefore, the Amended Complaint should be dismissed and the Plaintiff sanctioned for continuously disregarding the Court's Injunction against him.[2]

The Amended Complaint seemingly includes "new" claims as Plaintiff attempts an end around of the Injunction against him. However, both the previously asserted and the "new" claims against Defendants are undoubtedly precluded by the Injunction because they all regard the foreclosure or Plaintiff's possession of the Property. In addition to the injunction, both the previously asserted and "new" claims fail as a matter of law, including based on res judicata, which is underscored by Plaintiff's countless appeals, bankruptcies and other lawsuit, which have been adjudicated in favor of the Defendants.

The Plaintiff's conduct in ignoring the Injunction is egregious and, in addition to the dismissal of the Amended Complaint with prejudice, he should be sanctioned and the Defendants should be awarded their attorney's fees and costs for having to respond to this lawsuit. The Defendants incorporate the facts and argument made in their prior Motion to Dismiss filed at Documents Numbers 18 – 20.

## II.     SUPPLEMENTAL BACKGROUND

The Defendants incorporate the "Relevant Background" section of their Memorandum of Reasons in Support of their Motion to Dismiss filed on November 21, 2017, at ECF No. 19. It

---

[2] As there are no claims asserted against Hinshaw in the amended complaint, the law firm should be dismissed from this case, with prejudice.

contains a summary of the foreclosure sale, Plaintiff's eviction from the Property, a synopsis of Plaintiff's and Allison L. Randle's ("Randle") dilatory tactics and frivolous and vexatious filings, and a discussion of the multiple lawsuits, bankruptcies and appeals filed by the Plaintiff. Even a cursory review of the background of this matter leads to the conclusion that the Plaintiff will continue to file baseless lawsuits and appeals unless he is significantly sanctioned.

**A.      Facts Regarding New Claims Pertaining to "Settlement"**

As it turns out, the Plaintiff's settlement discussions were more of the same: further delay of the Defendants' ability to finalize the eviction and take possession of the Property. The Plaintiff and Randle ultimately breached their obligations under the "settlement," and Plaintiff's conduct was particularly egregious in that he misrepresented the role of an unsuspecting lawyer, Carrie Rainen, Esq.

The Amended Complaint alleges in Counts IX and X that Residential and RESCAP breached a settlement agreement that would have transferred title to the Property to Randle and allowed the Plaintiff to maintain possession of the Property. The settlement documents, which the Plaintiff and Randle breached, included a Settlement Agreement and Release ("SAR"), which was confidential, and a Contract of Sale, which was not confidential.[3] *See* Exhibit 2 – Contract of Sale.[4] What the Amended Complaint fails to state is that the Plaintiff was not a party to the Contract of Sale as that contract was between Randle and RESCAP. The Plaintiff was a party to the SAR only, along with Randle, RESCAP, and El Dorado Properties, LLC. Exhibit 3 -

---

[3] The Settlement Agreement and Release was confidential, but the Defendants will provide a copy for the Court's review should the Court issue an order requiring a copy.
[4] All Exhibits referenced in this Memorandum are authenticated and attached to the Affidavit of Justin M. Fabella, which is Exhibit 1.

3

Emails.[5] The Contract of Sale required Randle to transfer funds to RESCAP's mortgage loan servicer by November 1, 2016, in exchange for which RESCAP would deliver a quitclaim deed (the "Quitclaim Deed") transferring title to the Property to her. *See* Exhibit 2. That never happened.

The Plaintiff was involved with the Contract of Sale on Randle's behalf as he advised RESCAP's lawyers on October 24, 2016, that Carrie Rainen, Esq., would serve as closing counsel for Randle's lender. *See* Exhibit 3, pp. 1-2. In compliance with its obligation under the Contract of Sale, prior to the closing date and thereafter, RESCAP twice delivered a Quitclaim Deed to Attorney Rainen. However, Attorney Rainen returned both deeds, informing RESCAP that she was not involved in the transaction. *See* Exhibit 1, ¶ 2; Exhibit 3, pp. 3-7. On December 1, 2016, Attorney Rainen wrote to RESCAP's lawyers:

> I had the deed sent back via regular mail both times. . . I had represented a lender who was originally going to lend to Ms. Randle for her purchase but he ultimately rejected the loan. This was more than a month ago, which Mr. Eresian [the Plaintiff] was well-aware of.

*Id.*, p. 7. The Defendants were never informed of this fact by either Randle or Eresian and first learned of it through communications with Attorney Rainen. *See* Exhibit 3, pp. 7-10.

However, at no time did Randle pay RESCAP the necessary funds as required by the Contract of Sale. *See* Exhibit 3, pp. 11, 15, 17, 19-21, 23-24. Upon learning in early December 2016 that Attorney Rainen was not involved in the transaction and that Randle's lender rejected her loan application, the Defendants' counsel asked the Plaintiff and Randle's attorney for the true closing agent's identity, information regarding the purported lender, and when the funds

---

[5] The inclusion of the Contract of Sale, emails and correspondence with the Plaintiff does not convert the Defendants' motion to one for summary judgment because the documents' authenticity are not in question, they are central to the Plaintiff's claim regarding breach of the settlement, and they are extensively referenced in the Amended Complaint. *See Watterson v. Page*, 987 F.2d 1, 3-4 (1st Cir. 1993) (enumerating three above exceptions for documents attached to motions to dismiss but not attached to or expressly incorporated into complaint).

would be transferred. *See* Exhibit 3, pp. 11-12. The Plaintiff only responded with the offer to arrange a telephone call between the Defendants' counsel and a purported lender, but provided no other information and took no further steps. *See* Exhibit 1, ¶ 2; Exhibit 3, pp. 13-14.

The Contract of Sale was not extended, and Randle never tendered the required funds and, despite Plaintiff's multiple attempts to kick the can down the road by making false promises about proof of the purchase funds on behalf of Randle, the Defendants' counsel advised on multiple occasions that Plaintiff and Randle were both in breach of the Contract of Sale and SAR. *See* Exhibit 3. pp. 11, 17, 19, 26. The Plaintiff then made no further efforts to comply with the SAR or Contract of Sale, instead filing additional frivolous motions and appeals, as described in the Motion to Dismiss.

On June 15, 2017, after the Plaintiff's most recent vexatious appeal had been denied, he and Randle offered to forego the present claim regarding breach of the settlement agreement if RESCAP tendered a Quitclaim Deed by July 14, 2017. *See* Exhibit 3, pp. 20-21. This was followed by a "formal demand" from Randle dated June 19, 2017. *See* Exhibit 3, pp. 22-24. The Defendants' counsel indicated that the Plaintiff and Randle had already breached the settlement agreement and that the Defendants would not convey the Property to Randle. *See id.*, p. 26. The Plaintiff's only response was to wrongly allege that RESCAP had never tendered a Quitclaim Deed. *See id.* at p. 25. He and Randle have not tendered the funds required by the Contract of Sale, or even provided evidence that the funds were ever available to purchase the Property. *See* Exhibit 3, generally.

### III.   ARGUMENT

**A.   The Amended Complaint Should Be Dismissed Because the Plaintiff's Claims are Enjoined and Moot**

300876464v2 0993810

The Amended Complaint solely concerns the foreclosure or possession of the Property. "Plaintiff is enjoined from any further filings in the United States District Court regarding the foreclosure of, or Plaintiffs possession of, the … [Property]." *See* C.A. No. 4:15-cv-40077-TSH, at ECF No. 15. The factual allegations mirror those in the Plaintiff's original complaint, except to reflect that RESCAP has taken possession pursuant to an eviction. Each Count specifically relates to the foreclosure or possession of the Property: Counts I, II, III, and V relate to the execution for possession of the Property; Counts IV, VI, and VII relate to the Plaintiff's eviction from the Property; Counts IX and X relate to the purported breach of a settlement agreement that would allow the Plaintiff and Randle to stay in possession of the Property; and Count XI seeks to set aside the judgment and the Injunction from the prior lawsuit. Accordingly, the Amended Complaint, like the original complaint, violates the Injunction barring such filings by the Plaintiff in this Court and should be dismissed with prejudice.

In addition to violating the injunction, the Amended Complaint's counts and request for relief are moot. The Amended Complaint, like the original complaint, contains counts (I-III) alleging that the three writs issued to Residential and/or RESCAP for possession of the Property are void and/or unenforceable. As stated in the original Motion to Dismiss, these claims are moot because the first two writs have long expired and RESCAP has already levied on the third. The Plaintiff's requests for declaratory relief remain moot as no relief can be granted.

**B.     Hinshaw Should Be Dismissed As There Are No Claims Asserted Against the Firm**

The Amended Complaint also contains no claims against Hinshaw, despite naming it as a defendant. Hinshaw is only mentioned as the attorneys for Residential and RESCAP. As there are no claims asserted against Hinshaw, nor can there be, the firm should be dismissed.

**C.     The Amended Complaint's "New" Claims Are Also Enjoined**

The entire Amended Complaint, including the purported "new" allegations, is expressly prohibited by the Injunction because they relate to the foreclosure or the possession of the Property. Counts IV-VII are barred because they relate to the Plaintiff's eviction (i.e. dispossession of the Property). Count IV is barred because it seeks a declaratory judgment that the eviction was "unlawful" due to invalid writs. Count V alleging abuse of process against Residential[6] and RESCAP for procuring the writ used to take possession is likewise prohibited by the Injunction. Counts VI and VII allege violations of G.L. c. 186A, §§ 4 and 6, which concern pre-eviction notice to "bona fide tenants" (which the Plaintiff was not), are enjoined as they relate to possession of the Property.

Further, Counts IX and X, which allege breach of contract and of the covenant of good faith and fair dealing pertaining to the settlement, also concern possession of the Property. Specifically, the Amended Complaint's "Material Factual Allegations" that form the basis for Counts IX and X include that the SAR and Contract of Sale would have permitted Randle to "retain ownership and possession of the Subject Property" and the Plaintiff to "retain possession…pursuant to a leasehold agreement with Randle under Randle's title to the exclusion of Residential Funding and RESCAP." *See* Amended Complaint, ¶ 55.

Count XI requests the Court set aside the November 24, 2015, order of dismissal and the Injunction, which obviously concern the Plaintiff's now-prohibited challenges to the foreclosure and possession. By the Plaintiff's own definition, these claims inherently involve the Property's possession, and are explicitly precluded by the Injunction. Accordingly, the entire Amended Complaint is prohibited by the Injunction.

---

[6] The Plaintiff's inclusion of Residential in numerous counts is improper because it had transferred its interest in the Property to RESCAP long before the eviction. Such error will not be further addressed as this matter should be wholly dismissed as to all Defendants for the reasons stated herein and in the Motion to Dismiss.

7

300876464v2 0993810

**D.     The Plaintiff's Claims Fail as a Matter of Law**

   *1.     Counts I – VII and XI are Barred by Res Judicata*

Here, the Plaintiff is attempting to rehash his claims that were already adjudicated or should have been, in the case before Judge Zobel that was decided by the jury in October 2014. The Court may adjudicate res judicata on a motion to dismiss for failure to state a claim if (1) the facts establishing the defense are apparent from the complaint or subject to judicial notice, and (2) those facts conclusively establish the defense. *In re Colonial Mortgage Bankers Corp.*, 324 F. 3d 12, 16 (1st Cir. 2003) (affirming dismissal based on judicial notice of related court proceeding with res judicata effect). Thus, the Court may take judicial notice of the pleadings in other cases between the Plaintiff and the Defendants to decide this motion. The Court is "entitled to take [judicial] notice of the records of relevant court proceedings." *United States v. Florentino*, 385 F.3d 60, 65 (1st Cir. 2004), vacated on other grounds, 544 U.S. 1058 (2005). The Federal Rules of Evidence require judicial notice of an adjudicative fact "if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

"The doctrine of res judicata includes both claim preclusion and issue preclusion." *See Silva v. City of New Bedford*, 660 F. 3d 76, 78 (1st Cir. 2011) (citing *Taylor v. Sturgell*, 553 U.S. 880, 128 S.Ct 2161, 2170 & n.5, 171 L.Ed.2d 155 (2008)). This Court should apply the federal standard when determining the preclusive effect of a prior judgment, which requires "(1) a final judgment on the merits in an earlier suit, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two suits." *Apparel Art Int'l, Inc. v. Amertex Enterprises Ltd.*, 48 F. 3d 576, 585 n.7 (1st Cir. 1995);

*Gonzalez v. Banco Cent. Corp.*, 27 F. 3d 751, 755 (1st Cir. 1994). Moreover, under res judicata, a final judgment on the merits precludes relitigating issues of claims that also *could have* been brought in the prior action. *See Massachusetts Sch. of Law v. Am. Bar Ass'n*, 142 F.3d 26, 38 (1st Cir. 1998) (quoting *Allen v. McCurry*, 499 U.S. 90, 94 (1980)).

In Counts I-V, the Plaintiff challenges the authority of Judge Zobel and Ms. Urso to have issued the various writs of execution and of Residential or RESCAP to have enforced them. These counts are barred by res judicata because the Plaintiff and Randle previously made the same challenges when filing a Joint Petition for Writ of Prohibition in Case No. 16-1715 before the First Circuit Court of Appeals on June 7, 2016, and which was denied on June 23, 2016. *See* C.A. No. 1:11-12111-RWZ, at ECF No. 180. Counts VI-VII, which allege violations of G.L. c. 186A, are barred because the Plaintiff had advanced the argument that he was a bona fide tenant at trial, and notwithstanding, he should have brought these claims in the eviction action before RESCAP took possession of the Property. Lastly, Count XI, seeking to set aside the order of dismissal and Injunction, is barred because the Plaintiff had appealed that order to the First Circuit Court of Appeals, which was denied on May 31, 2016, under Case No. 16-1022. *See* C.A. No. 4:15-cv-400777-TSH, at ECF Nos. 16-21. The Plaintiff's challenge to the Injunction was only appropriate in the matter in which it was issued, and his prior challenge was denied on appeal.

Therefore, all three elements of res judicata are met through the denied appeals for which mandates issued; their identicality concerning the writs of execution for the Property, his status as a bona fide tenant, and the order of dismissal and Injunction; and the identical parties (the Plaintiff, Residential, and RESCAP).

E.  **The Defendants Claims Concerning Breach of the Settlement Agreement Fail**

9

The "new" Counts IX and X of the Amended Complaint, purporting breach of contract and the covenant of good faith and fair dealing, allege that Residential and RESCAP breached the parties' settlement agreement because RESCAP never delivered a Quitclaim Deed for the Property to Randle on the date specified in the Contract of Sale. For the reasons stated below, these claims fail.

1. *The Plaintiff Cannot Enforce the Contract of Sale*

The Plaintiff alleges a breach of the settlement agreement in Counts IX and X because "RESCAP never delivered a Quitclaim Deed to the Subject Property to Randle" on November 1, 2016. *See* Amended Complaint, ¶ 57. Notwithstanding that the Defendants deny that there has been any breach, the Plaintiff may not seek to enforce the Contract of Sale because he is neither a party to nor intended beneficiary of the contract.

"Under Massachusetts law, a plaintiff seeking to enforce a contract as a third-party beneficiary must demonstrate 'from the language and circumstances of the contract that the parties to the contract clearly and definitely intended the beneficiaries to benefit from the promised performance.'" *Alicea v. Machete Music*, 744 F.3d 773, 784 (1st Cir. 2014). However, "incidental beneficiaries lack standing to enforce a contract." *Id.*, citing *Harvard Law Sch. Coal. for Civil Rights v. President & Fellows of Harvard Coll.*, 413 Mass. 66 (1992); *Choate, Hall & Stewart v. SCA Servs. Inc.*, 378 Mass. 535 (1979); Restatement (Second) of Contracts §§ 302, 315 (1981). Here, the Plaintiff is not a party to the Contract of Sale, which does not even mention him. Although he alleges that pursuant to the broader settlement agreement he was "to retain possession…pursuant to a leasehold agreement with Randle," that is not a clear intention of the Contract of Sale. Rather, the Contract of Sale was limited to conveying the Property to Randle if she paid for it. Any separate leasehold negotiations or agreement between the Plaintiff

and Randle were not referenced, nor had any impact, on the terms of the Contract of Sale. Had the Property been transferred to Randle, she could have denied the Plaintiff the right of possession without affecting the parties' settlement agreement.

Moreover, the Plaintiff's lack of standing to enforce the Contract of Sale is reinforced by the "formal notice and demand for compliance with contract of sale" made by Randle on June 19, 2017. *See* Exhibit 3, pp. 32-33. The letter conspicuously omits the Plaintiff because he is neither a party to the Contract of Sale nor entitled to enforce it. The Plaintiff's communications or attempts to facilitate the closing of the Property also do not afford him additional rights or make him a party or beneficiary to the Contract of Sale. Accordingly, the Plaintiff's claims in Counts IX and X fail as a matter of law.

       *3.*      *The Plaintiff and Randle Breached the Contract of Sale and the SAR*

Even if the Plaintiff's allegations were not enjoined by the Injunction and the Plaintiff had standing to enforce the Contract of Sale, the facts stated above demonstrate that the Plaintiff and Randle have failed to perform and/or prevented the settlement agreement from being consummated.[7] The emails attached as Exhibit 3 demonstrate that RESCAP (through its loan servicer) had delivered a Quitclaim Deed to the closing attorney identified by the Plaintiff on two separate occasions. However, the Plaintiff had misled the Defendants as to this attorney's role, and she returned the Quitclaim Deeds because she had no involvement in the transaction. Randle (or even Plaintiff on her behalf) never tendered the funds to complete the purchase of the Property and there was no extension of the Contract of Sale, which the Plaintiff notably ignores.

---

[7] As the Amended Complaint references, the settlement sought to resolve the consolidated litigation handled by Judge Zobel. C.A. No. 1:11-cv-12111-RWZ. Accordingly, the Plaintiff's claims alleging breach of the settlement under Counts IX and X, in the interest of judicial economy, should be brought in that action. Judge Zobel is most familiar with the facts and procedural history, including the Plaintiff and Randle's egregious conduct through their vexatious and frivolous filings and appeals. The Plaintiff's inclusion of these claims in this independent action are only another tactic designed to draw out the litigation and waste the Court and the Defendants' time and resources.

11

Pursuant to the Plaintiff's interpretation of the settlement agreement, RESCAP should have delivered title to the Randle regardless of whether she paid for it.

As made clear by the emails in Exhibit 3, despite Randle's failure to tender funds, the Defendants still made good faith efforts to complete the Property's sale. The Defendants' counsel, although advising the Plaintiff and Randle about their breach of the settlement agreement, repeatedly inquired when the funds would be transferred and after several delays, requested a lender commitment letter to ensure they were available. The Plaintiff and Randle never provided proof that Randle had obtained the funds necessary to finalize the settlement agreement. Yet the Plaintiff incredibly alleges that the Defendants have breached the agreement by refusing to transfer title to the Property to Randle without payment.

**F.      The Court Should Issue Sanctions Against the Plaintiff**

The Defendants incorporate their argument from the Motion to Dismiss that the Court should issue sanctions against the Plaintiff in the form of the Defendants' attorney's fees and costs for the Motion to Dismiss and this motion. This entire action, and all pleadings therein, are barred by the Injunction and otherwise frivolous and vexatious. To the extent the Court grants such relief, the Defendants will file an affidavit of costs, but also request an award of punitive damages against the Plaintiff.

## IV.     CONCLUSION

WHEREFORE, the Defendants, Residential Funding Company, LLC f/k/a Residential Funding Corporation, RESCAP Securities Holdings Co., and Hinshaw & Culbertson LLP, renew their motion to dismiss the Plaintiff's First Amended Verified Complaint with prejudice. The Defendants also request that sanctions be issued against the Plaintiff in the form of their attorneys' fees and costs for responding to this lawsuit.

          Respectfully submitted,

          RESIDENTIAL FUNDING COMPANY,
          LLC, f/k/a RESIDENTIAL FUNDING
          CORPORATION,
          RESCAP SECURITIES HOLDINGS CO., and
          HINSHAW & CULBERTSON LLP

          By their Attorneys,

          */s/ Justin M. Fabella*
          Justin M. Fabella, BBO #654859
          Jordan S. O'Donnell, BBO# 684001
          Hinshaw & Culbertson LLP
          28 State Street, 24th Floor
          Boston, MA 02109-1775
          Tel: (617) 213-7000 / Fax: (617) 213-7001
          Email:  jfabella@hinshawlaw.com
                   jodonnell@hinshawlaw.com

Dated:  January 12, 2018

## **CERTIFICATE OF SERVICE**

      I, Justin M. Fabella, hereby certify that the documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 12, 2018, specifically:

Ara Eresian, Jr., *Pro Se*
P.O. Box 499
Shrewsbury, MA 01545-0499

Jessica Driscoll, Esq.
Assistant United States Attorney
United States Attorney's Office
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210

                                              */s/ Justin M. Fabella* _____
                                              Justin M. Fabella

300876464v2 0993810