UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARA ERESIAN, JR., *pro se*, <br><br> Plaintiff, <br><br> v. <br><br> RYA W. ZOBEL; RESIDENTIAL FUNDING COMPANY, LLC f/k/a RESIDENTIAL FUNDING CORPORATION; RESCAP SECURITIES HOLDINGS CO.; HINSHAW & CULBTERTSON LLP; LISA URSO; TOWN TO TOWN MOVERS, INC., and THE UNITED STATES MARSHALS SERVICE FOR THE DISTRICT OF MASSACHUSETTS, *by and through Deputy Director David L. Harlow*, and any successor, <br><br> Defendants. <br><br> and <br><br> ALLISON L. RANDLE, <br><br> Interested Party. | Civil Action No. 17-40106-TSH |

## MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

This action stems directly from two actions previously filed by the *pro se* Plaintiff concerning the foreclosure of certain real property and consolidated under Civil Action No. 11-12111–RWZ.[1]  Plaintiff, apparently displeased with the disposition of the Prior Action – which resulted in a judgment against him and a writ of execution against the real property at issue – has now sued, *inter alia*, the presiding U.S. District Judge, the Honorable Rya W. Zobel ("Judge

---

[1] The other action was Civil Action No. 15-40077-TSH.  The two consolidated actions will be referred to collectively as the "Prior Action."

Zobel"), her courtroom deputy, Lisa Urso ("Ms. Urso"), and the U.S. Marshals Service ("USMS") (together the "Federal Defendants"). As set forth below, Plaintiff has not properly served *any* of the Federal Defendants pursuant to Federal Rule of Civil Procedure ("Rule") 4(i) and, as such, the action as alleged against the Federal Defendants must be dismissed in its entirety. Moreover, even if Plaintiff had effected proper service, his Complaint fails to state a cognizable legal claim against any of the Federal Defendants; indeed, none exists and, for that reason, dismissal should be *with prejudice*.

## BACKGROUND

After trial in the Prior Action, the jury returned a verdict in favor of Defendant Residential Funding Company LLC et al. ("Residential"), and on December 11, 2014, the Court entered the Second Amended Judgment ("Judgement") in favor of Residential. (See CV 11-12111-RWZ, Document Nos. 112 (verdict) and 121 (Judgment). The Judgment awarded Residential possession of the real property at issue and $64,800 in monetary damages. (Id. Document No. 121). Since that time, Plaintiff has engaged in a serious of dilatory and frivolous actions, prompting this Court to enter an injunction against him preventing further filings relating to the property. (See CV 15-40077-TSH, Document No. 15).[2] Since December 2014, the Court has issued multiple writs of executions on the Second Amended Judgment directing the USMS to deliver possession of the property to Residential, most recently on June 30, 2017. (See CV 11-12111-RWZ, Document No. 192).

---

[2] Specifically, the Court enjoined Plaintiff from "any further filings in the United States District Court regarding the foreclosure of, or Plaintiffs possession of, the real property located at 83-85 Whitney Street, Unit No. 83, Northborough, Massachusetts." (Id.)

Notwithstanding the injunction, Plaintiff nonetheless filed this action on July 10, 2017, apparently challenging the Court's issuance of the December 11, 2014 Judgment and writs with respect to the property. (Document No. 1). According to the returns of service, Plaintiff delivered copies of the summons and complaint to the Federal Defendants as follows:

- by hand to Francis Castilla, on behalf of Ms. Urso, at the John J. Moakley U.S. Courthouse, in Boston, MA (her place of employment), on October 3, 2017 (Document No. 10);

- by hand to the USMS office in Boston, MA, on October 3, 2017 (Document No. 11); and

- by hand to Francis Castilla, on behalf of Judge Zobel, at the John J. Moakley U.S. Courthouse, in Boston, MA (her place of employment), on October 3, 2017 (Document No. 12);

Plaintiff, however, never served the U.S. Attorney's Office, never served the Attorney General, and never made proper individual service on Judge Zobel or Ms. Urso.

USMS executed the writ for possession of the property on or about September 22, 2017. (See CV 11-12111-RWZ, Document No. 192; accord Defendant's Memorandum, Document 19, herein). Thereafter, Plaintiff filed an Amended Complaint on December 12, 2017, which also named Judge Zobel, Ms. Urso and the USMS. ("Complaint") (Document No. 22). The Complaint again takes issue with the Second Amended Judgment and the writs and purports to allege the following "causes of action" against the Federal Defendants:

- Violations of state law, M.G.L. ch. 235, § 23, against Judge Zobel and Ms. Urso (*e.g.*, Compl. ¶¶ 1-11);

- Declaratory judgment actions against Judge Zobel and Ms. Urso (Compl. ¶¶ 68-71);

- "Unlawful eviction" pursuant to M.G.L. ch. 235, § 23 against USMS (Compl. ¶¶ 72-73);

- Section 1983 action against Judge Zobel and Ms. Urso (Compl. ¶¶ 80-83); and

3

- "Independent Action to Set Aside Order of Dismissal and Injunction" pursuant to Federal Rule of Civil Procedure 60(b) against USMS (Compl. ¶¶ 90-93).

See generally Complaint.  Plaintiff has again purported to serve the Complaint upon Judge Zobel and Lisa Urso, this time by first class mail "c/o Francis Castilla, Agent and Person in Charge of service," and upon the USMS also by first class mail "c/o Katherine Wilson, Agent and Person in Charge of service for United States Marshals Service" at the John J. Moakley U.S. Courthouse, in Boston, MA.  (Document No. 26).  Although it has been more than six months since he filed this action, however, Plaintiff still has not served the U.S. Attorney's Office or the U.S. Attorney General as required by Federal Rule of Civil Procedure 4(i), nor has he effected proper service on any of the Federal Defendants or Judge Zobel or Ms. Urso in their individual capacities.

## ARGUMENT

Plaintiff's Complaint must be dismissed because he did not properly serve the Federal Defendants as required under Federal Rules of Civil Procedure 4(i) and (m).  Because Plaintiff has neither served the Federal Defendants within 90 days, nor shown good cause why service cannot be made, the clerk *shall* dismiss the Complaint pursuant to the Local Rule 4.1.  Since he has not and cannot state a cognizable legal claim over which the Court has subject matter jurisdiction, his Complaint should be dismissed with prejudice.

**I. THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO RULE 12(b)(5) AND LOCAL RULE 4.1.**

**A. Plaintiff Has Not Served the Federal Defendants In Accordance With Federal Rule of Civil Procedure 4(i) or (m).**

"Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant."  Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 350 (1999).  "Before a federal court may exercise personal

jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co., 484 U.S. 97, 104 (1987); accord, e.g., Sanchez-Mariani v. Ellingwood, 691 F.2d 592, 594 (1st Cir. 1982). "Accordingly, one becomes a party officially, and is required to take action in that capacity, only upon service of a summons. . . ." Murphy Bros., 526 U.S. at 350. Mere notice of the suit does not equate to the defendant waiving his/her right to be served with a summons and copy of the Complaint: in fact, "actual notice itself, without more, is insufficient to satisfy the requirements of [Rule 4]."[3] Precision Etchings & Findings, Inc. v. LGP Gem, Ltd., 953 F.2d 21, 24 (1st Cir. 1992); accord, e.g., DeFazio v. Delta Air Lines, 849 F. Supp. 98, 103 (D. Mass. 1994).

Federal Rule of Civil Procedure 4 sets forth the only ways in which service of a summons and Complaint can be effected. In order to serve the United States, a plaintiff must:

> (A) (i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office; and
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

Fed. R. Civ. P. 4(i)(1). To serve an agency of the United States – such as the USMS – or an officer or employee sued in her *official* capacity, a party must both serve the United States as set

---

[3] Moreover, federal officers and employees sued in their official capacity are not permitted to waive the Rule 4 requirement of service of process. See United States v. Horn, 29 F.3d 754, 762 (1st Cir. 1994); Fed. R. Civ. P. 4(d) (only "[a]n individual, corporation, or association" may waive the requirement); Title 28 U.S.C., Rule 4, Advisory Committee Notes to the 1993 Amendments, subsection (i) ("The rule [4(i)] does not authorize the use of the Notice and Request procedure of ... subdivision (d) when the United States is the defendant.").

forth above *and also* "send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2). In order to serve a United States officer or employee sued in his *individual* capacity,[4] "a party must serve the United States *and also* serve the officer or employee under Rule 4(e). . . ." Fed. R. Civ. P. 4(i)(3) (emphasis added). See also Swartz v. Bahr, Civil Action No. 16-12144-LTS, 2017 WL 2695290 at *2 (D. Mass. June 22, 2017); Baldi v. Mueller, Civil Action No. 09-10320-DPW, 2010 WL 1172616 at *3 (D. Mass. Mar. 23, 2010).

Plaintiff was required to make proper service in accordance with Rule 4(i) on all parties on or before **October 9, 2017**, which was 90 days from the filing of his Complaint on July 10, 2017. See Fed. R. Civ. P. 4(m). Plaintiff has failed to do so.

First, Plaintiff has not properly served the USMS or Judge Zobel or Ms. Urso in their official capacities. To do so, Plaintiff was required to:

- Send a copy of the summons and Complaint to USMS by registered or certified mail, see Fed. R. Civ. P. 4(i)(2);

- Send a copy of the summons and Complaint to Judge Zobel and Ms. Urso in their official capacities by registered or certified mail, see id.;

- Serve the civil process clerk at the U.S. Attorney's Office by registered or certified mail (hand delivery was not an option because the United States Attorney had not filed a notice with the clerk designating an Assistant U.S. Attorney or clerical employee as his representative in this case), see Fed. R. Civ. P. 4(i)(1)(A); and

- Serve the Attorney General by registered or certified mail, see Fed. R. Civ. P. 4(i)(1)(B).

---

[4] It is unclear on the face of Plaintiff's Complaint whether he brings any individual capacity claims, however, he does identify Judge Zobel and Ms. Urso as individual defendants in his listing of the "Parties." (See Compl. ¶¶ 2 and 6).

Strictly speaking, Plaintiff met *none* of these requirements. Even extending Plaintiff the benefit of every doubt, he substantially met only two of these four requirements: he did deliver a copy of the summons and Complaint to a person at Judge Zobel and Ms. Urso's place of employment and to a person at the USMS (although not by registered or certified mail). However, to date, Plaintiff has not served the U.S. Attorney's Office or the Attorney General. Fed. R. Civ. P. 4(i)(1)(A) and (B). Thus, Plaintiff failed to effect service upon the USMS or Judge Zobel and Ms. Urso in their official capacities in accordance with Rule 4(i) within 90 days, as required by Rule 4(m).

Second, Plaintiff has not properly served Judge Zobel or Ms. Urso in their individual capacities.[5] Rule 4(e) states that an individual may be served by: (a) delivering a copy of the summons and the complaint to the individual personally; (b) leaving a copy of the summons and the complaint at the individual's "dwelling or usual place of abode with someone of suitable age and discretion who resides there," or (c) serving "an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2). Plaintiff did none of these things. Plaintiff had a summons and Complaint addressed to Judge Zobel and Ms. Urso delivered by hand at their places of employment to Francis Castilla, "agent and person in charge at the time of service," but he did not serve them personally, serve a person at their residential address, or serve an agent authorized by law to accept service for them in their individual capacities.[6]

---

[5] See, *supra,* note 4.

[6] Service at a government employee's place of employment – unless made on an agent explicitly appointed to accept service on behalf of the employee in his or her individual capacity – is not sufficient for service upon an individual. Swartz, 2017 WL 2695290 at *2 (citing Donnelly v. U.Mass. Corr. Med. Program, Civil Action No. 09-11995-RGS, 2010 WL 1924700 at *1 (D. Mass. May 11, 2010)); see also Newman v. Metropolitan Life Ins. Co., 2015 WL 275703 at *6

7

The time limit for Plaintiff to properly serve the Federal Defendants expired on **October 9, 2017**, ninety days after the filing of the Complaint.  See Fed. R. Civ. P. 4(m).  The burden is on Plaintiff to prove that the service was proper.  Rivera-Lopez v. Municipality of Dorado, 979 F.2d 885, 887 (1st Cir. 1992).  Because he has not and cannot do so – since none of the Federal Defendants were served in accordance with the Federal Rules of Civil Procedure, as set forth above – any claims against the Federal Defendants must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5).

**B. The Filing of an Amended Complaint Does Not Extend the Time for Service.**

To the extent that Plaintiff responds by arguing that the filing of an amended complaint somehow extends the time to effect service upon the Federal Defendants, that argument is without merit.  See United States v. Lezdey, Civil Action No. 12-11486-RWZ, 2013 WL 704475 at *3 (D. Mass. Feb. 26, 2013) ("An amended complaint adding a new defendant initiates a new [90]–day timetable for service upon the added defendant, but it does not toll the service period as to defendants already named.") (citing 4B Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1137 (3d ed. 2002); Baden v. Craig–Hallum, Inc., 115 F.R.D. 582, 586 n. 3 (D. Minn. 1987); Excalibur Oil, Inc. v. Gable, 105 F.R.D. 543, 544 n. 4 (N. D. Ill. 1985) ("It will not do for [plaintiff] to rely on the fact of filing an Amended Complaint to justify its lack of prior service on the individual defendants.")).  Even proper service of the amended complaint – which this Plaintiff has not effected – would not cure the failure to serve the original complaint within 90 days.  Lezdey, 2013 WL 704475 at *3 ("service of the amended complaint

---

(D. Mass. Jan. 21, 2015) (service upon an employer's designated agent is not sufficient for service upon the individual).

did not effect service when the original complaint had not been served") (citing <u>Leonard v. Stuart–James Co., Inc.</u>, 742 F.Supp. 653, 662 (N. D. Ga. 1990) (listing cases)).  Furthermore, where the amended complaint is filed after the time to serve the original complaint has expired, as here, Plaintiff could not even purport to serve it without first showing good cause for the failure to timely serve the original complaint.  <u>Lezdey</u>, 2013 WL 704475 at *3 (citing <u>Bryant v. Brooklyn Barbeque Corp.</u>, 130 F.R.D. 665, 668–69 (W.D.Mo. 1990), *aff'd,* 932 F.2d 697 (8th Cir. 1991) (concluding that "plaintiff's attempt to file and serve her amended complaint after the [then 120]-day period had passed does not preserve her original cause of action and service of the amended complaint must be quashed") (listing cases))).  In short, Plaintiff's failure to serve a summons and complaint within 90 days of filing the action is fatal and not cured by the filing of an amended complaint.  <u>Lezdey</u>, 2013 WL 704475 at *3; Fed. R. Civ. P. 4(m).

> **C. By Local Rule, Where, As Here, Plaintiff Has Not Made Service within 90 Days or Shown Good Cause Why Service Has Not Been Made, the Clerk *Shall* Dismiss the Complaint.**

Rule 4(m) gives courts the discretion to extend the service period if a plaintiff shows good cause for his/her failure to serve within 90 days.  In the District of Massachusetts, however, the Court has created a local rule expressly limiting the period of time in which a plaintiff may show good cause.  Under Local Rule 4.1, a plaintiff must show good cause no later than the fourteenth day after the expiration of the 90-day service period, which in this case was **October 23, 2017**.  If the plaintiff does not do so, the clerk "*shall*" dismiss the Complaint.  The Local Rule states in relevant part:

> Counsel and parties appearing *pro se* who seek to show good cause for the failure to make service within the 90-day period prescribed by Fed. R. Civ. P. 4(m) shall do so by filing a motion for enlargement of time under Fed. R. Civ. P. 6(b), together with a supporting affidavit.  If on the 14th day following the expiration of the 90-day period good cause has not been shown as provided herein, the clerk ***shall***

> ***forthwith automatically enter an order of dismissal for failure to effect service of process***, without awaiting any further order of the court.

L.R. 4.1(B) (emphasis added).  Thus, because Plaintiff has neither effectuated service before **October 9, 2017**, nor shown good cause why service cannot be made before **October 23, 2017**, the clerk must dismiss Plaintiff's complaint.  See Jonzun v. Estate of Jackson, Civil Action No. 12-12019-DJC, 2014 WL 1214511 at *4 (D. Mass. Mar. 24, 2014) (dismissing even where plaintiff did seek an extension pursuant to Rule 6(b) but did not file the request as provided by Local Rule 4.1); Spencer, Jr. v. Bender, Civil Action No. 08-11528-RGS, 2010 WL 3393880 at *1 (D. Mass. Aug. 27, 2010) (dismissing where plaintiff neither completed service within the time limit nor filed a motion for enlargement of time as provided in Rule 6(b) and prescribed by Local Rule 4.1); Donnelly, 2010 WL 1924700 at *2 (citing Local Rule 4.1 and dismissing where plaintiff did not effectuate service within the time limit or make a timely motion to extend the time period for service); Furtado v. Napolitano, Civil Action No. 09-11030-RGS, 2010 WL 577938 at *2-3 (D. Mass. Feb. 12, 2010) (dismissing complaint where plaintiff failed to properly serve the United States within the time limit and denying motion to extend the time for service where plaintiff did not make the request within the time provided by Local Rule 4.1).  But see Martello v. United States, 133 F. Supp. 3d 338, 348 (D. Mass. 2015).

II. **DISMISSAL SHOULD BE WITH PREJUDICE, WHERE, AS HERE, PLAINTIFF HAS NOT AND CANNOT STATE A COGNIZABLE LEGAL CLAIM AGAINST THE FEDERAL DEFENDANTS.**

At the heart of Plaintiff's Complaint is his dissatisfaction with the outcome of the Prior Action.  The appropriate process to challenge the Judgment, however, was to file a timely motion under Rule 59(e) or 60, or to take a timely appeal in accordance with the Federal Rules of Appellate Procedure.  Indeed, Plaintiff did, and his claims are therefore barred by the doctrine of

*res judicata.*[7] Even if they were not, despite his articulation of numerous rules and statutes, as set forth below, Plaintiff's Complaint raises no cognizable legal claim against the Federal Defendants– nor could it, based on the facts alleged. Thus, even if Plaintiff had properly served the Complaint – which he has not – his claims against the Federal Defendants should be dismissed pursuant to Rule 12(b)(1) and/or (6).

### A. Plaintiff Has Not Stated And Cannot State Any Cognizable Legal Claim Against Judge Zobel And Ms. Urso Over Which This Court Has Jurisdiction.

Plaintiff purports to allege the following claims against Judge Zobel and Ms. Urso: declaratory judgment for violations of state law, M.G.L. ch. 235, § 23 (Counts I-III, Compl. ¶¶ 68-71); and violations of 42 U.S.C. § 1983 action (Count VIII, Compl. ¶¶ 80-83).

### *(1) The Court Lacks Jurisdiction Over Plaintiff's Claim Pursuant to M.G.L. ch. 235*

Plaintiff relies heavily on M.G.L. ch. 235, section 23, which states that, in Massachusetts, courts must issue executions for the possession of real property within 90 days of the judgment. Plaintiff apparently claims that the U.S. District Court's issuance of multiple writs, the most recent in June 2017, somehow violates that provision. First, with respect to the first two writs of execution, Plaintiff already raised this argument to the First Circuit and the Court rejected it. (See Plaintiff's Joint Petition for Writ of Prohibition, First Circuit Docket No. 16-1715, *denied on* June 23, 2016 as reflected in CV 11-12111-RWZ, at Document No. 180). Thus, to the extent

---

[7] Plaintiff filed no short of *seven* motions to vacate, set aside, modify, stay or amend the Court's October 23, 2014 Second Amended Judgment and related orders (see C.A. No. 11-12111-RWZ, Document Nos. 117, 118, 124, 127, 128, 129 and 164) and multiple appeals (see, e.g., Docket sheet, attached hereto at Exhibit A, listing related First Circuit Docket Numbers including 15-01176, 15-01255, 16-01196, 16-01861).

Plaintiff challenges the writs issued prior to that appeal,[8] his claims are therefore barred by the doctrine of *res judicata*. See, e.g., Massachusetts Sch. of Law v. Am. Bar Ass'n, 142 F.3d 26, 38 (1st Cir. 1998) (quoting Allen v. McCurry, 499 U.S. 90, 94 (1980)).

Second, Plaintiff enumerates the entirety of M.G.L. ch. 235, section 23 in his Complaint. (Compl. at page 4). On its face, the section does not create a private right of action. Indeed, Massachusetts courts have held that, where there is an irregularity in the execution of a judgment for the possession of property, the remedy should be sought by motion in the issuing court, not by filing a separately action. Cheseboro v. Barme, 163 Mass. 79, 81 (1895) ("The general principle is, that, when the judgment is recovered in a court having jurisdiction, and the execution is issued by the proper officer, irregularities either in the mode of issuing it or in the document itself do not make it void; and that it may be dealt with by the court upon motion of either party, and amended or annulled as justice may require."); accord Boston & M.R.R. v. D'Almeida, 221 Mass. 380, 383 (1915).

Third, even if the section did create a private right of action, Plaintiff points to no waiver of sovereign immunity that would allow federal employees or officials to be sued under this state law provision. See United States v. Mitchell, 445 U.S. 535, 538 (1980) (finding that it is well-settled that the United States is immune from suit unless it expressly consents to be sued);[9] see also Velazquez-Rivera v. Danzig, 234 F.3d 790, 795 (1st Cir. 2000) (affirming district court's

---

[8] The first two writs were issued on December 29, 2014 (CV 11-12111-RWZ, Document No. 126) and May 25, 2016 (id., Document No. 178),

[9] The United States has no interest in the real property that is the subject of this dispute. As such, there is no conceivable argument that this is an action to adjudicate a title dispute involving real property in which the United States claims an interest, an action for which it *has* waived its sovereign immunity. See Quiet Title Act of 1972, Pub.L. No. 92–562, 86 Stat. 1176, *codified at* 28 U.S.C. §§ 2409a, 1346(f), and § 1402(d).

dismissal of pendent claims because the suit was against the United States, which has not waived its sovereign immunity for suits under Puerto Rico's laws); cf. Dasey v. Anderson, 304 F.3d 148 (1st Cir. 2002) (United States has not waived its sovereign immunity for claims brought pursuant to the Massachusetts Civil Rights Act); Anderson v. Heffernan, Civil Action No. 12-12173-FDS, 2013 WL 1629122 at *4 (D. Mass. Apr. 9, 2013) (United States has likewise not waived its sovereign immunity for claims under the Massachusetts Tort Claims Act).

Finally, a review of the docket sheet in the Prior Action (Exhibit A hereto) reveals that any delay in the Court's issuance of writs was lawful and resulted from Plaintiff's multiple post-judgment motions and frivolous appeals.[10] The First Circuit issued its mandate on Plaintiff's appeal on May 31, 2017. (See CV 11-12111-RWZ at Document Nos. 188 and 189). Thereafter, Residential moved the Court to issue a new writ of execution and the Court granted the motion and issued the writ on July 30, 2017, well within 90 days of the First Circuit's mandate. (Id. at Document Nos. 190, 191 and 192). Instead of timely appealing the Court's order granting the motion, Plaintiff now attempts to challenge the resulting writ through this action. His claimed basis – that it was issued more than 90 days from the judgment – is demonstrably inaccurate based on a review of the docket. As such, Plaintiff has not and cannot state a claim against Judge Zobel or Ms. Urso under M.G.L. ch. 235, § 23.

**(2)** *Plaintiff Fails to State a Claim Under the Declaratory Judgment Act.*

Second, Plaintiff's "declaratory judgment actions," are nothing more than an improper collateral attack on the December 11, 2014 Judgment issued in the Prior Action. Plaintiff's sole legal recourse in this regard was to file a timely motion pursuant to Federal

---

[10] See *supra* note 7.

Rule of Civil Procedure 59(e) or 60 (see *infra* section II-A(1)) in the Prior Action or to take a timely appeal.[11]  See, e.g., Aharon v. Israel, Inc., 121 F.3d 695 (Table), 1997 WL 413694 at *1 (1st Cir. June 20, 1997) (construing unspecified challenge to district court order by *pro se* litigant as a Rule 60(b) motion).  The time to file post-judgment motions and appeals has long since passed.  See Fed. R. Civ. P. 59(e) ("a motion to alter or amend a judgment must be filed no later than 28 days after entry of judgment"); Gillis v. Chase, Civil Action No. 16-11451-ADB, 2017 WL 1535082 at *3 (D. Mass. April 27, 2017) (dismissing Rule 60 "claims" as untimely and finding that one year limitations period for bringing an action under Rule 60(b)(1)-(3) begins when judgment is entered at which time there "was nothing [left] for the court to do but execute the judgment") (citing, *inter alia*, Rosaura Bldg. Corp. v. Municipality of Mayaguez, 778 F.3d 55, 64 (1st Cir. 2015) (finding the one-year limitations period for a Rule 60(b) motion ran from the date "judgment ... was entered by the district court")).  In any event, Plaintiff has provided no reason that this Court should reconsider or amend a decision issued by another federal district judge in the prior, related action.  Cf. Lane v. First Nat. Bank of Boston, 687 F. Supp. 11, 13 (D. Mass. 1988), *aff'd*, 871 F.2d 166 (1st Cir. 1989) ("The general rule is that one federal district judge should not overrule or reconsider a decision or order of another federal district judge in the same case unless there are good reasons to do so").  Further, where as here, Plaintiff has no meritorious substantive claim, he cannot state a claim under the Declaratory Judgment Act, which is procedural only and merely enlarges the range of *remedies* available to plaintiffs

---

[11] See *supra* note 7.

in federal court, without creating substantive rights. See 28 U.S.C. § 2201; Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950).

### *(3) The Court Lacks Jurisdiction Over Plaintiff's section 1983 claims against Judge Zobel and Ms. Urso in Their Official or Individual Capacities.*

Finally, Plaintiff cannot bring claims against Judge Zobel or Ms. Urso for violations of 42 U.S.C. § 1983. Civil actions alleging deprivation of rights under section 1983 are limited to state and local officials, not federal officials. 42 U.S.C. § 1983 (applying to persons acting under the color of law of "any State or Territory"); McCloskey v. Mueller, 446 F.3d 262, 270-71 (1st Cir. 2006) ("a section 1983 claim ordinarily will not lie against a federal actor"). Even if Plaintiff could state a claim under section 1983 against federal actors, any such claim seeking monetary damages against Judge Zobel and Ms. Urso would be barred by the doctrine of judicial immunity. See, e.g., Mireles v. Waco, 112 S.Ct. 286 (1991) (judge entitled to absolute judicial immunity from suits for money damages for actions taken in his or her judicial capacity); Spiegel v. Commonwealth of Massachusetts, Civil Action No. 16-12654-PBS, 2017 WL 129995 at *3-4 (D. Mass. Jan. 11, 2017) (judicial immunity extends to court employees) ("It is black-letter law that judges are immune 'from liability for damages for acts committed within their judicial jurisdiction ... even when the judge is accused of acting maliciously and corruptly.'") (quoting Pierson v. Ray, 386 U.S. 547, 554 (1967)). Finally, to the extent Plaintiff intended to bring the claims as official capacity claims, the United States has not waived its sovereign immunity for suit under section 1983. See Alves v. U.S. Postal Serv., Civil Action No. 12-12152-LTS, 2013 WL 2420939 at *5 (D. Mass. May 31, 2013) (citing Davis v. United States Dep't of Justice, 204 F.3d 723, 726 (7th Cir. 2000); Affiliated Prof 'l Home Health Care Agency v. Shalala,

164 F.3d 282, 286 (5th Cir.1999)). Thus, Plaintiff has not and cannot state a claim pursuant to section 1983.

**B. Plaintiff has not stated and cannot state any cognizable legal claim against the USMS.**

As stated above, Plaintiff purports to allege the following claims against the USMS: "unlawful eviction" pursuant to M.G.L. ch. 235, § 23 (Count IV, Compl. ¶¶ 72-73) and "Independent Action to Set Aside Order of Dismissal and Injunction" (Count XI, Compl. ¶¶ 90-93). First, with respect to the claim for "unlawful eviction," as set forth above in Part II-A(1), the United States has not waived its sovereign immunity for state law actions involving real property except in certain limited circumstances not applicable here. See Mitchell, 445 U.S. at 538; cf. Quiet Title Act of 1972, Pub.L. No. 92–562, 86 Stat. 1176, *codified at* 28 U.S.C. §§ 2409a, 1346(f), and § 1402(d). Second, Plaintiff's "Independent Action to Set Aside Order of Dismissal and Injunction pursuant to Federal Rule of Civil Procedure 60(b)"[12] is not properly alleged against the USMS, which was not a party to the Prior Action, and, in any event, is untimely as set forth above in Part II-A(2). In short, even if Plaintiff had properly served the USMS pursuant to Federal Rule of Civil Procedure 4(i) and (m), which he has not, he has not stated a cognizable legal claim against it.

---

[12] Although Plaintiff cites to Rule 60(b), his language (i.e., "independent action") suggests he intended to move pursuant to Rule 60(d)(1), which provides that Rule 60 "does not limit a court's power to ... entertain an independent action to relieve a party from a judgment, order, or proceeding." Gillis, 2017 WL 1535082 at *4 (citing Fed. R. Civ. P. 60(d)(1)). Plaintiff, however, cannot style his motion as an "independent action," simply to avoid the limitations period provided in the Rule. Id.

**C. Because Plaintiff Has No Cognizable Legal Claim Against The Federal Defendants, Plaintiff's Claims Should Be Dismissed With Prejudice, And He Should Not Be Permitted An Opportunity To Effect Service Of His Complaint.**

Plaintiff need not be granted the opportunity to effect service where, as here, he has not and cannot state any cognizable legal claims against the Federal Defendants. Indeed, this Court previously recognized the frivolous nature of Plaintiff's repeated legal challenges when it entered an injunction against further filings by the Plaintiff relating to the subject matter of this action. (See C.A. 15-40077-TSH, Document Nos. 15) (injunction preventing Plaintiff from further filings relating to the property). Where, as here, Plaintiff's Complaint suffers from a fundamental defect that cannot be cured with proper service, it should be dismissed with prejudice as to the Federal Defendants. Cf. McIsaac v. Ford, 193 F.Supp.2d 382, n.1 (D. Mass. 2002) ("Any dismissal is necessarily with prejudice as the statute of limitations has run on all of [plaintiff's] claims")).

## CONCLUSION

For the foregoing reasons, it is respectfully requested that the Court grant the Federal Defendants' motion and dismiss the Complaint in its entirety, with prejudice.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By:   */s/ Jessica P. Driscoll*
Jessica P. Driscoll, BBO No. 655394
Assistant United States Attorney
United States Attorney's Office
John Joseph Moakley U.S. Courthouse
1 Courthouse Way - Suite 9200
Boston, MA  02210
(617) 748-3398
Dated: January 16, 2018            Jessica.Driscoll@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants by First Class Mail.

      Ara Eresian Jr., *Pro Se*
      P.O. Box 499
      Shrewsbury, MA 01545-0499

      */s/ Jessica P. Driscoll*
      Jessica P. Driscoll
Dated: January 16, 2018      Assistant United States Attorney