UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| ARA ERESIAN, JR., <br><br> Plaintiff, <br><br> v. <br><br> RYA W. ZOBEL; RESIENTIAL FUNDING COMPANY, LLC f/k/a RESIDENTIAL FUNDING CORPORATION; RESCAP SECURITIES HOLDINGS CO.; HINSHAW & CULBERTSON, LLP; LISA URSO; TOWN TO TOWN MOVERS, INC., and THE UNITED STATES MARSHALS SERVICE FOR THE DISTRICT OF MASSACHUSETTS, by and through Deputy Director David L. Harlow, and any successor, <br><br> Defendants, <br><br> and <br><br> ALLISON L. RANDLE, <br><br> Interested Party. | Civil Action No.4:17-cv-40106-TSH |

**PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT**

[Re: Defendant, Town to Town Movers, Inc.]

To the CLERK OF THE UNITED STATES DISTRICT COURT:

In accordance with the provisions of Fed. R. Civ. P. 55(a), Plaintiff, Ara Eresian, Jr. (hereinafter "Eresian") hereby moves this Honorable Court for an Entry of Default against Defendant, Town to Town Movers, Inc. (hereinafter "Town to Town") for failure to appear or otherwise defend in accordance with the applicable provisions of the federal rules of civil procedure.

As grounds therefor and in support thereof, Eresian states the following:

1. On July 10, 2017, Eresian commenced the instant action by filing a *Verified Complaint* against all defendants named hereinabove <u>except</u> Town to Town. (ECF No. 1).

2. On December 12, 2017, Eresian amended his initial pleading as of right by filing his *First Amended Verified Complaint* (hereinafter the "*Amended* Complaint") which *inter alia*, joined Town to Town as a party defendant. (ECF No. 22).

3. On January 3, 2018, the Sheriff's Office of Worcester County duly served Town to Town with process and a copy of the *Amended* Complaint upon David Caron[1] (hereinafter "Caron") the designated Registered Agent in the Commonwealth of Massachusetts for Town to Town. (ECF No. 29).

4. On January 8, 2018, Eresian filed the Sheriff's return with the Clerk's office of the District Court. (ECF No. 29).

---

[1] Caron *is not* a named defendant in his individual capacity.

5. Pursuant to the civil docket of this case, Town to Town had up to and including January 24, 2018 to either file a pleading *or* a Fed. R. Civ. P. 12(b) motion. (ECF No. 29).

6. On January 25, 2018, Caron filed a paper with the Clerk's office of the District Court which although signed in his individual capacity, was entered upon the docket as an "Answer" filed on behalf of Town to Town[2]. [ECF No. 35].

7. The paper filed by Caron did not comport with the applicable provisions of the federal rules of civil procedure as it was neither a pleading *or* a Fed. R. Civ. P. 12(b) motion.

8. A true and accurate copy of the paper filed by Caron is attached hereto and incorporated herein in its entirety by reference as <u>Exhibit "1"</u>.

9. Notwithstanding the foregoing, the District Court should, *sua sponte* strike the paper filed by Caron on behalf of Town to Town as Caron is not a person duly admitted to the bar of the United States District Court for the District of Massachusetts, and thus cannot represent Town to Town, a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts before this Court in the within captioned civil action[3]. *See*, L.R. 83.5.5(c)(D.Mass.) ("A corporation, partnership, limited liability company, trust, estate, or other entity that is not an individual ***may not*** appear *pro se*. An individual officer, director, partner, member, trustee, administrator, or executor ***may not*** appear on behalf of an entity; provided however, that if such an individual is also an attorney who is otherwise permitted to practice in this court, the attorney may represent the entity if the representation

---

[2] *See*, n. 1, *supra*.

[3] Caron *is not* a member of the Massachusetts bar, nor upon information and belief, is he a member of the bar in any other jurisdiction.

is otherwise appropriate under the circumstances. **The court may strike any pleading filed on behalf of any entity that purports to appear *pro se*.**" [Emphasis supplied.].

WHEREFORE, Plaintiff, Ara Eresian, Jr. prays that the instant request for Entry of Default enter against Defendant, Town to Town Movers, Inc. for the relief demanded against it in the *Amended* Complaint, and for such other and further relief as this Honorable Court deems just and appropriate.

Respectfully submitted,

ARA ERESIAN, JR.,

Ara Eresian, Jr., PRO SE
P.O. Box 499
Shrewsbury, MA  01545-0499
Tel: 1-(774)-258-0961
Fax: 1-(508)-757-3780
Email: alr@townisp.com

Date: February ___, 2018

4

## CERTIFICATE OF SERVICE

I, Ara Eresian, Jr., hereby certify that on the _____ day of February, 2018, I served a copy of the within *Plaintiff's Request For Entry Of Default* [Re: <u>Defendant, Town to Town Movers, Inc.</u>], via first class (U.S.) mail, postage prepaid, upon the following:

Justin M. Fabella, Esquire
Jordan S. O'Donnell, Esquire
Hinshaw & Culbertson, LLP
28 State Street, 24th Floor
Boston, MA  02109-1775

(For Residential Funding Company, LLC, f/k/a Residential Funding Corporation; RESCAP Securities Holdings Co., and Hinshaw & Culbertson, LLP)

Jessica P. Driscoll, Esquire
United States Attorney's Office MA
John Joseph Moakley U.S. Courthouse
One Courthouse Way, Suite 9200
Boston, MA  02210-3002

(For Rya W. Zobel; Lisa Urso, and the United States Marshals Service)

Additional copy to:

David Caron
47 Camelot Drive
Worcester, MA  01620-1354

(Of Town to Town Movers, Inc.)

Allison L. Randle
68 Laurel Street
West Boylston, MA  01583-1514

                                                          Ara Eresian, Jr.

5