FILED
IN CLERKS OFFICE
2018 FEB 20 PM 2: 27
U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

_____
                                    )
ARA ERESIAN, JR.,                   )
                                    )
    Plaintiff,                      )
                                    )
                                    )
v.                                  )    Civil Action No.4:17-cv-40106-TSH
                                    )
                                    )
RYA W. ZOBEL; RESIDENTIAL FUNDING   )
COMPANY, LLC f/k/a RESIDENTIAL      )
FUNDING CORPORATION; RESCAP         )
SECURITIES HOLDINGS CO.; HINSHAW    )
& CULBERTSON, LLP; LISA URSO; TOWN  )
TO TOWN MOVERS, INC., and THE UNITED)
STATES MARSHALS SERVICE FOR THE     )
DISTRICT OF MASSACHUSETTS, by and   )
through Deputy Director David L. Harlow, and )
any successor,                      )
                                    )
    Defendants,                     )
                                    )
                                    )
and                                 )
                                    )
                                    )
ALLISON L. RANDLE,                  )
                                    )
    Interested Party.               )
                                    )
_____)

**AFFIDAVIT OF ARA ERESIAN, JR. IN SUPPORT OF HIS *EMERGENCY* MOTION FOR AN ORDER STAYING PROCEEDINGS AND TO ENLARGE TIME IN ORDER TO RE-EFFECTUATE SERVICE OF PROCESS UPON THE NAMED FEDERAL DEFENDANTS AND PROPERLY RESPOND TO THE DEFENDANTS' RESPECTIVE MOTIONS TO DISMISS (ECF NOS. 31, 33)**

I, Ara Eresian, Jr., first being sworn, do depose and say, upon my own personal knowledge, the following:

1. I am the named plaintiff acting *pro se* in the within captioned civil action which I commenced on July 10, 2017 by the filing of a *Verified* Complaint with the United States District Court for the District of Massachusetts – *Central Division*. (ECF No. 1).

2. Contemporaneously herewith I am serving and filing a motion styled *Emergency Motion Of Ara Eresian, Jr. For An Order Staying Proceedings And To Enlarge Time In Order To Re-Effectuate Service Of Process Upon The Named Federal Defendants And Properly Respond To The Defendants' Respective Motions To Dismiss* (ECF Nos. 31, 33). This motion is being filed on an *emergency* basis given that the Court has imposed a February 20, 2018 deadline to respond to the Defendants' respective motions to dismiss[1]. (ECF Nos. 31, 33).

3. Subsequent to commencement, I researched the applicable Federal Rules of Civil Procedure in order to re-confirm in my mind as to how <u>and</u> what the applicable limitation period I had to effectuate service of process upon the following named defendants: (1) Rya W. Zobel (hereinafter "Zobel"), (2) Lisa Urso (hereinafter "Urso"), and (3) the United States Marshals Service for the District of Massachusetts, by and through Deputy Director, David L. Harlow, and any successor (hereinafter "USMS", with whom collectively are hereinafter referred to as the "Federal Defendants").

---

[1] Excepting [Defendant] "Town to Town Movers, Inc." to which a Request for Entry of Default pursuant to Fed. R. Civ. P. 55(a) is pending. (ECF No. 37).

4. I also performed research on where such service could be effected upon Zobel and Urso, each of whom had been named and sued *__not in their official capacity__*, but in their individual capacity, *only*.

5. Despite a most diligent search, I was unable to discover the residential addresses of either Zobel or Urso so that service could be effected at any such location.

6. Sometime thereafter I travelled to the United States Courthouse, Harold D. Donohue U.S. Courthouse, 595 Main Street, Worcester, MA 01608-2093 (hereinafter the "Worcester Courthouse") with the intent of inquiring as to how service of process could otherwise be effected upon each of the Federal Defendants in a federal courthouse.

7. Just beyond the lobby entrance checkpoint area in the Worcester Courthouse where one has to pass in order to gain entrance, there is a desk which under glass contains a copy of a May, 2006 Directive issued by the United States Attorney's Office to the USMS with regard to the procedure by which service of process could be effected within and outside a federal courthouse in the District of Massachusetts (hereinafter the "May, 2006 Directive").

8. Although I have personally witnessed and have previously requested a copy of the May, 2006 Directive from the USMS, I was refused a copy of the same [by the USMS].

9. From memory, the relevant portion of the May, 2006 Directive permits service of process *within* a federal courthouse so long as permission is first requested by the USMS from the party to be served. **If permission is granted by the person to be served**, the process server may then proceed to a designated area to effectuate such service. Otherwise, if permission

3

*is not* granted, the process server can still effectuate service, but only outside the four corners of the federal courthouse building.

10. On or about September 28, 2017 I provided the Office of the Sheriff of Suffolk County with a Summons and a copy of my *Verified* Complaint to be served upon each of the Federal Defendants at the United States Courthouse, John Joseph Moakley U.S. Courthouse, One Courthouse Way, Boston, MA 02210-3002 (hereinafter the "Boston Courthouse").

11. In conformity with the May, 2006 Directive, on October 3, 2017, which date was *within* the ninety (90) day limitation period set forth in Fed. R. Civ. P. 4(m), a Deputy Sheriff of the Office of the Sheriff of Suffolk County travelled to the Boston Courthouse, apparently gained entrance from the USMS to effectuate service upon the USMS, and then and there effected such service of process of a Summons and a copy of the *Verified* Complaint upon Urso as follows, to wit: "Francis Castilla, agent and person in charge at the time of service for Lisa Urso, at c/o United States District Court for the District of Massachusetts; John Joseph Moakley U.S. Courthouse One Courthouse Way Courtroom 12 – U.S. Courthouse Boston, MA 02210-3002." (*See*, Return of Service of Process, ECF No. 10).

12. In conformity with the May, 2006 Directive, on October 3, 2017, which date was *within* the ninety (90) day limitation period set forth in Fed. R. Civ. P. 4(m), a Deputy Sheriff of the Office of the Sheriff of Suffolk County travelled to the Boston Courthouse, apparently gained entrance from the USMS to effectuate service of process upon the USMS, and then and there effected such service of a Summons and a copy of the *Verified* Complaint as follows, to wit: "Katherine Wilson, agent and person in charge for the United States

Marshals Service for the District of Massachusetts, at Suite 1-500 One Courthouse Way by and through Deputy Director, David L. Harlow, or any successor; John Joseph Moakley U.S. Courthouse Boston, MA 02210-3002". (*See*, Return of Service of Process, ECF No. 11).

13. In conformity with the May, 2006 Directive, on October 3, 2017, which date was *within* the ninety (90) day limitation period set forth in Fed. R. Civ. P. 4(m), a Deputy Sheriff of the Office of the Sheriff of Suffolk County travelled to the Boston Courthouse, apparently gained entrance by the USMS to effectuate service of process upon Zobel, and then and there effected such service of process of a Summons and a copy of the *Verified* Complaint as follows, to wit: "Francis Castilla, agent and person in charge at the time of service for Rya W. Zobel, at c/o United States District court [sic] for the District of Massachusetts; John Joseph Moakley U.S. Courthouse One Courthouse Way Courtroom 12 – 5th Floor Boston, MA 02210-3002." (*See*, Return of Service of Process, ECF No. 12).

14. On January 9, 2018 on behalf of each of the Federal Defendants, the United States Attorney's Office entered an appearance in the within captioned civil action and on January 16, 2018 filed a motion on their behalf which *inter alia* challenged the service of process upon each of the Federal Defendants and thus the subject-matter jurisdiction of this Court. (ECF Nos. 30, 33 and 34, respectively).

15. Subsequently, pursuant to L.R.7.1(a)(2) (D.Mass.) I opened a Conference in order to confer with counsel for each of the named Defendants[2] regarding my seeking an enlargement of

---

[2] Again, with the exception of [Defendant] "Town to Town Movers, Inc.". *See also*, n. 1, *supra*.

time to secure affidavits in order to refute the Federal Defendants' contention that service of process upon each of them was improper and untimely. On January 31, 2018, which date was after the conference closed, I filed the appropriate motion with the Court (ECF No. 36) which was thereafter followed on February 1, 2018 by an *Amended* Motion [to enlarge time] (ECF No. 38).

16. On February 12, 2018, the Court, Timothy S. Hillman, J. allowed my *Amended* motion to enlarge time up to and including February 20, 2018. (ECF No. 41).

17. Since filing the original motion to enlarge time, I have contacted Ms. Castilla, who then referred me to her "Case Manager" one James McAlear, who in turn referred me to his Supervisor, one Brendan Garvin who informed me that he would get back to me. Apparently after consultation with each other, I was informed by Mr. Garvin only last week that Ms. Castilla *would not* be permitted to provide me with an affidavit, nor apparently would any other employee of the federal government, such as *e.g.*, Katherine Wilson who had accepted service on behalf of the USMS.

18. I fared no better with the Office of the Suffolk County Sheriff's Office who simply continues to rely upon its return of service for each of the Federal Defendants as on file with the Court. (ECF Nos. 10, 11 and 12).

19. Given the foregoing, Affiant submits that each return of service upon each of the Federal Defendants affirms **that each such person granted permission to be served in accordance with the May, 2006 Directive**, and thus service upon each of them was properly effected. Notwithstanding the foregoing, pursuant to each return of service upon

each Federal Defendant, it appears that Ms. Castilla and Ms. Wilson exhibited apparent authority in accepting service on behalf of one or more than one but not all of the Federal Defendants by a Deputy Sheriff of the Office of Suffolk County *after* having been cleared by the USMS to effect such service within the confines of the Boston Courthouse, **again in accordance with the May, 2006 Directive**. Given that such service *could not* have been properly effected in a federal courthouse in the District of Massachusetts ***without* the express permission of the person to be served** and the direction of the USMS, Affiant submits that reliance upon such apparent authority is sufficient to establish that should this Court deem that such service was improper, that "good cause" has been shown by Affiant for a stay order and enlargement of time to re-effectuate such service within an appropriate period by way of publication or other appropriate means as designated by the Court as the failure to timely effectuate proper service of process implicates the subject-matter of the Court. Id.

20. And in answering further, affiant sayeth not.

Executed under the pains and penalties of perjury this ___20th___ day of February, 2018.

_____
Ara Eresian, Jr.