UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ARA ERESIAN, JR., *pro se*,<br><br>              Plaintiff,<br><br>    v.<br><br>RYA W. ZOBEL; RESIDENTIAL FUNDING COMPANY, LLC f/k/a RESIDENTIAL FUNDING CORPORATION; RESCAP SECURITIES HOLDINGS CO.; HINSHAW & CULBTERTSON LLP; LISA URSO; TOWN TO TOWN MOVERS, INC., and THE UNITED STATES MARSHALS SERVICE FOR THE DISTRICT OF MASSACHUSETTS, *by and through Deputy Director David L. Harlow*, and any successor,<br><br>              Defendants.<br><br>and<br><br>ALLISON L. RANDLE,<br><br>              Interested Party. | Civil Action No. 17-40106-TSH |

## **OPPOSITION TO PLAINTIFF'S "EMERGENCY" MOTION**

Defendants Rya W. Zobel, Lisa Urso and the United States Marshals Service (together, the "Federal Defendants"), by and through their attorney, Andrew E. Lelling, U.S. Attorney for the District of Massachusetts, hereby oppose Plaintiff's "emergency" motion to extend the time to effectuate service because Plaintiff has not shown good cause and, even if he had, service of the complaint would be futile where Plaintiff has not and cannot allege a claim against the Federal Defendants over which this Court has jurisdiction.

## BACKGROUND

Notwithstanding an injunction previously entered by this Court,[1] Plaintiff filed the instant action on July 10, 2017 against, *e.g.,* Hon. Rya W. Zobel ("Judge Zobel"), Lisa Urso ("Ms. Urso") and the U.S. Marshals Service ("USMS"). Although the Federal Defendants were not – and have not been - properly served, the undersigned attorney entered her appearance on their behalf (Document No. 30) and thereafter moved to dismiss the Amended Complaint (Document Nos. 33 and 34) because (1) Plaintiff had failed to properly serve the Federal Defendants in accordance with Federal Rule of Civil Procedure 4(i) and, in any event, (2) Plaintiff's Amended Complaint ("Complaint") does not and cannot state a claim over which this Court has jurisdiction. On January 22, 2018, pursuant to Local Rule 7.1, Plaintiff sought the assent of the undersigned attorney to his intended motion to extend the time to respond to the motion to dismiss by approximately three weeks, to February 20, 2018. The undersigned indicated that the Federal Defendants would not oppose the motion, but that they would not assent to any further extensions. Thereafter, Plaintiff filed the instant "emergency" motion seeking to further delay this matter, which stems from litigation commenced in 2011. See Civil Action No. 11-12111-RWZ. For the reasons set forth herein, Plaintiff's motion should be denied in its entirety and his Complaint should be dismissed.

## ARGUMENT

The thrust of Plaintiff's argument is that he cannot serve Judge Zobel or Ms. Urso in their individual capacities because he does not have and cannot get access to their residential addresses. Without the residential addresses, he submits that service upon another person at their

---

[1] See C.A. 15-40077-TSH, Document Nos. 9-11, 15 (injunction preventing Plaintiff from further filings relating to the property at issue in this case).

place of employment should suffice to effectuate service of his claims against them in their individual capacities. Plaintiff's allegations regarding service upon the individuals are without legal or factual merit and, in any event, Plaintiff has failed to comply with the remaining requirements of Federal Rule of Civil Procedure 4(i). Moreover, allowing Plaintiff additional time to cure service would be an exercise in futility where, as here, this Court lacks jurisdiction over the claims alleged in his Complaint.

### I.  Plaintiff Has Not Shown Good Cause For His Failure To Comply With Federal Rule of Civil Procedure 4.

Plaintiff's arguments regarding his inability to ascertain the residential addresses of the individual defendants are unavailing for several reasons. First, neither the Federal Defendants nor the Court have any obligation to provide Plaintiff with the residential addresses of federal employees. See, e.g., Georgacarakos v. Watts, 2007 WL 1541501 at *3 (D.D.C. May 23, 2007) ("A district court has no duty to assist a plaintiff in locating a defendant's address for the purpose of service of process.") (citing Barmes v. Nolan, 123 Fed. Appx. 238, 249 (7th Cir. 2005)). Second, residential addresses are not required to complete service upon an individual pursuant to Rule 4(e), which also allows for service in hand. See Fed. R. Civ. P. 4(e)(2)(A). Finally, Plaintiff's argument that the "2006 Directive" somehow makes his service proper under the Federal Rules is without any merit whatsoever. The memorandum, attached hereto at Exhibit A, deals with logistical concerns regarding process servers attempting to make service in the Worcester courthouse, where neither Judge Zobel nor Ms. Urso work.

Further, even if Plaintiff had or could make service upon Judge Zobel and Ms. Urso individually, he has not shown good cause pursuant to Local Rule 4.1 to extend the time to serve the Complaint where he has still failed to comply with the remaining requirements of Rule 4(i). Plaintiff has not appropriately served *any* of the Federal Defendants because he has not yet

served the Attorney General of the United States, as required by Rule 4(i)(1)(B). Service upon the United States – including by registered or certified mail upon the Attorney General - is required both for service upon the USMS (see Fed. R. Civ. P. 4(i)(2)) and service upon Judge Zobel and Ms. Urso in their individual capacities (see Fed. R. Civ. P. 4(i)(3)). See Swartz v. Bahr, Civil Action No. 16-12144-LTS, 2017 WL 2695290 at *2 (D. Mass. June 22, 2017); Baldi v. Mueller, Civil Action No. 09-10320-DPW, 2010 WL 1172616 at *3 (D. Mass. Mar. 23, 2010). Nowhere in Plaintiff's "emergency" motion or supporting affidavit does he indicate why he has not yet completed service upon the Attorney General under Rule 4(i). Plaintiff has had more than seven months to do so.

In short, the law is absolutely clear that Plaintiff was required to make proper service in accordance with Rule 4(i) on all parties on or before October 9, 2017, which was 90 days from the filing of his Complaint on July 10, 2017. See Fed. R. Civ. P. 4(m); see also Document No. 34. By Local Rule, the Court "shall" dismiss the Complaint in these circumstances. L.R. 4.1(B). Despite the Federal Defendants having filed their motion to dismiss more than a month ago, on January 16, 2018 (Document Nos. 33 and 34), Plaintiff has *still* failed to serve the Attorney General of the United States or to offer any reason – let alone good cause – for his failure. As such, regardless of Plaintiff's contentions relating to his inability to ascertain the residential address of Judge Zobel or Ms. Urso, Plaintiff has not shown good cause for his failure to comply with the remaining provisions of Rule 4(i). Because he has not shown good cause, his Complaint should be dismissed. See Dzanku v. Brennan, 270 F.Supp.3d 376 (D. Mass. 2017) (dismissing the complaint for insufficient service where Plaintiff had provided the summons to the USMS for service, but had not provided an address for service upon the Postal Service); see also L.R. 4.1(B).

## II. Plaintiff Should Not Be Permitted Additional Time to Serve His Complaint Because The Claims Against the Federal Defendants Are Futile.

In any event, the Court should not extend the time for Plaintiff to effect service of the Complaint where, as here, his Complaint fails to state a claim over which this Court has jurisdiction. As more fully set forth in the Federal Defendants' motion to dismiss (Documents No. 33 and 34), Plaintiff's claims against them fail on their face. First, M.G.L. ch. 235, section 23 does not create a private right of action and, even if it did, Plaintiff has not articulated any facts supporting a claim that either Judge Zobel or Ms. Urso violated the section. Moreover, the United States has not waived its sovereign immunity for suit under the section. See United States v. Mitchell, 445 U.S. 535, 538 (1980) ("It is axiomatic that the United States is immune from suit unless it expressly consents to be sued"). Second, Plaintiff's "declaratory judgment actions," are nothing more than an improper collateral attack on the judgment issued in the prior litigation, and not properly before this Court. Third, Plaintiff cannot bring section 1983 claims against Judge Zobel or Ms. Urso, who are federal – *not* state or local – officials. 42 U.S.C. § 1983 (applying to person acting under the color of law of "any State or Territory"); McCloskey v. Mueller, 446 F.3d 262, 270-71 (1st Cir. 2006) ("a section 1983 claim ordinarily will not lie against a federal actor.") Moreover, even if Plaintiff could state a claim under section 1983 against federal actors, any claim for money damages against Judge Zobel or Ms. Urso is barred by the doctrine of judicial immunity. See, e.g., Mireles v. Waco, 112 S.Ct. 286 (1991) (judge entitled to absolute judicial immunity from suits for money damages for actions taken in her judicial capacity).

Plaintiff's claims against the USMS are equally without merit. With respect to Plaintiff's claim for "unlawful eviction," the United States has not waived its sovereign immunity for state law claims involving real property except in certain limited circumstances that are not applicable

Case 4:17-cv-40106-TSH   Document 44   Filed 03/01/18   Page 6 of 7

here.  See Mitchell, 445 U.S. at 538; cf. Quiet Title Act of 1972, Pub.L. No. 92–562, 86 Stat. 1176, codified at 28 U.S.C. §§ 2409a, 1346(f), and § 1402(d).  Second, Plaintiff's "Independent Action to Set Aside Order of Dismissal and Injunction" is effectively a Rule 60 motion that is not properly alleged against the USMS, which was not a party to the prior litigation.  See, e.g., Aharon, 121 F.3d 695 (Table), 1997 WL 413694 at *1.

     For these reasons, even if Plaintiff were permitted time to cure his defective service, he cannot cure the fundamental defects in his Complaint.  Further, this Court has previously recognized the frivolous nature of Plaintiff's repeated legal challenges when it entered an injunction against further filings by the Plaintiff relating to the subject matter of this action.  (See C.A. 15-40077-TSH, Document Nos. 9-11, 15) (injunction preventing Plaintiff from further filings relating to the property).  Where, as here, Plaintiff's Complaint suffers from a fundamental defect that cannot be cured with proper service, it should be dismissed with prejudice as to the Federal Defendants.  Cf. McIsaac v. Ford, 193 F.Supp.2d 382, n.1 (D. Mass. 2002) ("Any dismissal is necessarily with prejudice as the statute of limitations has run on all of [plaintiff's] claims")).

6


here.  See Mitchell, 445 U.S. at 538; cf. Quiet Title Act of 1972, Pub.L. No. 92–562, 86 Stat. 1176, codified at 28 U.S.C. §§ 2409a, 1346(f), and § 1402(d).  Second, Plaintiff's "Independent Action to Set Aside Order of Dismissal and Injunction" is effectively a Rule 60 motion that is not properly alleged against the USMS, which was not a party to the prior litigation.  See, e.g., Aharon, 121 F.3d 695 (Table), 1997 WL 413694 at *1.

For these reasons, even if Plaintiff were permitted time to cure his defective service, he cannot cure the fundamental defects in his Complaint.  Further, this Court has previously recognized the frivolous nature of Plaintiff's repeated legal challenges when it entered an injunction against further filings by the Plaintiff relating to the subject matter of this action.  (See C.A. 15-40077-TSH, Document Nos. 9-11, 15) (injunction preventing Plaintiff from further filings relating to the property).  Where, as here, Plaintiff's Complaint suffers from a fundamental defect that cannot be cured with proper service, it should be dismissed with prejudice as to the Federal Defendants.  Cf. McIsaac v. Ford, 193 F.Supp.2d 382, n.1 (D. Mass. 2002) ("Any dismissal is necessarily with prejudice as the statute of limitations has run on all of [plaintiff's] claims")).

## CONCLUSION

For the foregoing reasons, it is respectfully requested that the Court deny Plaintiff's emergency motion in its entirety and dismiss the Complaint with prejudice as to the Federal Defendants.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By:   */s/ Jessica P. Driscoll*
Jessica P. Driscoll, BBO No. 655394
Assistant United States Attorney
United States Attorney's Office
John Joseph Moakley U.S. Courthouse
1 Courthouse Way - Suite 9200
Boston, MA  02210
(617) 748-3398

Dated: March 1, 2018                            Jessica.Driscoll@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants by First Class Mail.

*/s/ Jessica P. Driscoll*
Jessica P. Driscoll
Dated: March 1, 2018                            Assistant United States Attorney