FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| ARA ERESIAN, JR.,<br><br> Plaintiff,<br><br>v.<br><br>RYA W. ZOBEL; RESIDENTIAL FUNDING COMPANY, LLC f/k/a RESIDENTIAL FUNDING CORPORATION; RESCAP SECURITIES HOLDINGS CO.; HINSHAW & CULBERTSON, LLP; LISA URSO; TOWN TO TOWN MOVERS, INC., and THE UNITED STATES MARSHALS SERVICE FOR THE DISTRICT OF MASSACHUSETTS, by and through Deputy Director David L. Harlow, and any successor,<br><br> Defendants,<br><br>and<br><br>ALLISON L. RANDLE,<br><br> Interested Party. | Civil Action No. 4:17-cv-40106-TSH |

**AFFIDAVIT OF ARA ERESIAN, JR. IN SUPPORT OF PLAINTIFF'S MOTION TO RECONSIDER AND VACATE ORDER DISMISSING *PLAINTIFF'S FIRST AMENDED VERIFIED COMPLAINT* AGAINST DEFENDANTS, RYA W. ZOBEL, LISA URSO AND UNITED STATES MARSHALS SERVICE, by and through Deputy Director David L. Harlow, and any successor**

I, Ara Eresian, Jr., first being duly sworn, do depose and say upon my own personal knowledge, the following:

1. I am the named Plaintiff in the within captioned civil action, appearing and acting *pro se*.

2. On July 10, 2017, I commenced the instant civil action against each of the following named defendants by way of a *Verified Complaint* consisting of 7-counts against Rya W. Zobel (hereinafter "Zobel"); Residential Funding Company, LLC f/k/a Residential Funding Corporation (hereinafter "Residential Funding"); RESCAP Securities Holdings Cos., (hereinafter "RESCAP"); Hinshaw & Culberton, LLP ( hereinafter "H & S"); Lisa Urso (hereinafter "Urso") and the United States Marshals Service for the District of Massachusetts, by and through Deputy Director, David L. Harlow, and any successor (hereinafter "USMS"). (ECF No. 1).

3. On October 3, 2017, I caused the timely service of process and a copy of the *Verified* Complaint to be executed upon each of the named party defendants to the instant civil action as set forth in Paragraph No. 2, *supra*. (ECF Nos. 8, 9, 10, 11, 12 and 13).

4. On December 5, 2017, I served and filed a Notice of Intent to File and Serve a First Amended Complaint as of Right. (ECF No. 21).

5. On December 12, 2017, I timely served and filed *Plaintiff's First Amended Verified Complaint* (hereinafter the "*Amended* Complaint") consisting of 11-counts against each of the originally named defendants <u>and</u> newly joined defendant, Town to Town Movers, Inc. (hereinafter "Town to Town"). (ECF No. 22).

6. The *Amended* Complaint named Zobel, Urso and the USMC, by and through David L. Harlow, or any successor (hereinafter the "Federal Defendants"), <u>in their individual, and *NOT* in any official capacity</u>, each of the Federal Defendants and asserted *inter* alia, that each had acted outside the scope of his/her/its jurisdictional authority, under color of law with respect to *inter alia* the Plaintiff's property interests.

7. Pursuant to Rule 12(a)(A(i) of the Federal Rules of Civil Procedure, either a motion *or* responsive pleading had to be filed by *or* on behalf of the Federal Defendants within 60-days following service. As service was executed upon each of the Federal Defendants on October 3, 2018, a motion *or* responsive pleading was due to be filed in the within captioned civil action by *or* on behalf of the Federal Defendants <u>by December 2, 2017</u>[1].

8. No timely motion *or* responsive pleading was filed by *or* on behalf of the Federal Defendants <u>by December 2, 2017</u>[2].

9. Instead, on January 9, 2018, one Jessica P. Driscoll (hereinafter "Driscoll") an Asst. United States Attorney filed an appearance on behalf of the Federal Defendants. (ECF No. 30).

10. Thereafter, on January 16, 2018, Driscoll served and filed a motion to dismiss the *Amended* Complaint. The motion to dismiss sought dismissal of the Complaint[3] on the bases of (i) failure to state a claim against the Federal Defendants <u>and</u> failure to properly serve the

---

[1] December 2, 2017 being a Saturday, a motion *or* responsive pleading was automatically extended by operation of Fed. R. Civ. P. 6(a)(1)(C), and thus due no later than the following Monday, <u>December 4, 2017</u>.

[2] <u>Id.</u>

[3] *Not Amended* Complaint. However, for purposes of Plaintiff's Motion to Reconsider and Vacate, Plaintiff assumes that the Federal Defendants meant to refer to the *Amended* Complaint.

3

Federal Defendants within the limitation period set forth in Rule 4 of the Federal Rules of Civil Procedure. (ECF No. 33).

11. Since the entry of the May 3, 2018 Order dismissing the *Amended* Complaint, I only just recently was able to finally acquire a copy of the Memorandum[4] issued by the Dept. of Justice which pertains to service of process in the Harold D. Donohue Federal Courthouse (hereinafter the "Worcester Federal Courthouse"). While the document references only the Worcester Federal Courthouse, I have been informed by the Clerk's office of the John

---

[4] On May 4, 2006, the Department of Justice issued a document which reads as follows:

**MEMORANDUM**

DATE: May 4, 2006

TO: Jim Arena, LCSO

FROM: Tom Bezzano, SDUSM

SUBJECT: **Service of Process in the Federal Courthouse**

The following procedures will be followed for persons attempting to serve court civil/criminal process in the Worcester Federal Courthouse.

When a law enforcement officer or private process server arrives to serve process please have them wait in the lobby area. Identify who is to be served, an individual, or an individual or officer/department then call the subject of the process and ask if they will accept service. If the person refuses service then advise the process server and ask them to leave. Nothing can stop them from waiting outside the courthouse to serve the subject later. If the person agrees to service then they can come down to the lobby or the server can go directly to the subject office if convenient.

At no time should a process server be allowed into the building to roam around looking for the subject of the process. There will be occasions when someone will use a pretext to enter the building for court or to visit the Clerk's office then attempt to find the subject of the process. If this occurs please contact this office immediately.

Please have the entire CSO staff review this memo and thank-you for your assistance in this matter.

Joseph Moakley U.S. Courthouse (hereinafter the "Boston Federal Courthouse") where service upon each of the Federal Defendants was executed that the policy in that courthouse is the same, and that on October 3, 2017 one Francis Castilla was in fact a clerical employee designated by the United States attorney in writing and filed with the court clerk to receive service of process within the Boston Federal Courthouse on October 3, 2017, thereby satisfying the service requirements of Fed. R. Civ. P. 4(i)(3) and (e)(1)(C) as to each of the Federal Defendants in their individual capacity.

12. A true and accurate copy of the <u>Memorandum</u> as aforesaid, is attached hereto and incorporated herein in its entirety by reference as <u>Exhibit "1"</u>.

13. Notwithstanding the foregoing, at no time prior hereto has any of the Federal Defendants ever claimed that they did not have actual notice of the existence and pendency of the within captioned civil action as a result of service of process and a copy of the *Verified Complaint* upon Franics Castilla, "agent and person in charge at the time of service" upon each of the Federal Defendants on October 3, 2017[5].

14. As to the independent requirement of service upon the United States as well as each Federal Defendant pursuant to Fed. R. Civ. P. 4(i)(3), notwithstanding the provisions of Fed. R. Civ. P. 4(b), it was the Clerk of the District Court that was responsible for issuing all

---

[5] In fact, it should be noted here that nowhere in the <u>Motion To Dismiss Pursuant To Federal Rule Of Civil Procedure 12(b)(1)(5) And (6)</u> and <u>Memorandum In Support Of Motion To Dismiss</u> filed on behalf of the Federal Defendants do the Federal Defendants aver that Francis Castilla was not empowered by the United States attorney to act as an "agent and person in charge at the time of service" for the service of process on behalf of each of the Federal Defendants on October 3, 2017. (ECF Nos. 33, 34).

summonses in the within captioned civil action to the Plaintiff, and as to the United States, it failed to so do[6].

15. Notwithstanding the foregoing, as to the independent requirement of service upon the United States as well as each of the Federal Defendants pursuant to Fed. R. Civ. P. 4(i)(3) within 90-days, as required by Fed. R. Civ. P. 4(m), the Federal Defendants have relied in part upon Loc. R. 4.1 (D.Mass.)[7] which mandates that the Clerk *shall* dismiss the complaint if service of process is not effected within the 90-day limitation period, or such period of time as extended by a timely filed motion to extend. However, what the Federal Defendants fail to note is sub-section (4) of Fed. R. Civ. P. 4(i) which states in pertinent part as follows:

> (4) *Extending Time.* The court *MUST* allow a party a reasonable time to
>
> cure its failure to:
>
> (B) serve the United States under Rule 4(i)(3), if the party has served
>
> the United States officer or employee.

[Emphasis supplied.]

16. In light of the foregoing, in dismissing the *Amended* Complaint on the basis of Fed. R. Civ. P. 12(b)(5), insufficient service of process, the Court failed to abide by Fed. R. Civ. P. 4(i)(4)(B) and grant the Plaintiff the requested time.

---

[6] It should be noted here that the United States is not a named party defendant to the within captioned civil action, nor does Plaintiff make any claim against it. Furthermore, the United States has disclaimed any interest in this civil action. *See* Memorandum In Support Of Motion To Dismiss filed on behalf of the Federal Defendants, at p. 12, n. 9. (ECF No. 34).

[7] *See* Memorandum In Support Of Motion To Dismiss, filed on behalf of the Federal Defendants, at pp. 9-10, Argument, Section I(C). (ECF No. 34).

17. Despite the fact that as set forth herein that service of process had been timely and properly executed upon each of the Federal Defendants pursuant to Fed. R. Civ. P. 4(i) <u>and</u> that the causes of action asserted in the *Amended* Complaint ***did not*** as demonstrated below violate any *prior* Injunction issued in any prior civil action, on May 3, 2018, the Court, Timothy S. Hillman, J. *inter alia* allowed the Federal Defendants Motion to Dismiss for the reasons stated in their respective brief[8]. (ECF No. 47).

18. The Injunction referenced in Paragraph No. 17, *supra*, was issued in the civil action styled *Ara Eresian, Jr. v. Residential Funding Company, LLC f/k/a Residential Funding Corporation, et al*; United States District Court for the District of Massachusetts – *Central Division*, No. 4:15-cv-40077 ("2015 Civil Action") on November 24, 2015. However, as alleged in Paragraph No. 48 of the *Amended* Complaint, by the time that the Injunction issued the First Execution On Second *Amended* Injunction had already, at the very latest, "**lapsed as a matter of law on at 12:01 a.m. EDT on October 24, 2015**, being the 91st. day (in the aggregate) following its issuance." [Emphasis supplied.]. *See Amended* Complaint, at p. 15[9]. **At that point in time, the only remedy that Residential Funding**

---

[8] The Court also allowed the motion to dismiss filed on behalf of named defendants, Residential Funding, RESCAP and H & C for the reasons stated in their brief as well. (ECF Nos. 31, 32 and 47).

[9] It should be noted here that the Federal Defendants allege that "… the Courts' issuance of writs were lawful and resulted from the Plaintiff's multiple post judgment motions and frivolous appeals" and that it was the issuance of the Mandate by the Court of Appeals for the First Circuit on May 31, 2017 that triggered the 90-day period to issue a (subsequent) writ for execution for possession and to act upon it. <u>Memorandum In Support Of Motion To Dismiss</u>, Argument – Section II(A)(1), p. 13, lines 7-13.
  This simply is untrue since the final judgment in question issued on December 11, 2014 (ECF No. 121 of the 2011 Consolidated Civil Action; *see,* n. 11, *infra*) as there was no stay in place which would have precluded the issuance of the writ of execution thereafter. It was at that point in time that the 90-day clock under G.L.c. 235, s. 23 began to run, *not* May 31, 2017. <u>Id.</u>
  Additionally, it is noted here that nowhere in its <u>Memorandum In Support Of Motion To Dismiss</u> do the Federal Defendants claim that the 90-day limitation period pursuant to G.L.c. 235, s. 23, sec. par. ***does not*** apply to the facts of this civil action and that the 20-year limitation period contained in G.L.c. 235, s. 23, first par., does.

**had was to commence a new civil action to obtain possession, to which as a matter of law the Plaintiff possessed the statutory right to appear and defend himself, the Federal Defendants having no statutory power to enjoin Plaintiff from defending himself should such an action be commenced against him**. *See* G.L.c. 239, s. 7. Moreover, with the assistance of Zobel and Urso each acting outside the scope of their respective jurisdictional authority, under color of law, Residential Funding and thereafter RESCAP[10] continued with their quest to obtain issuance of successive writs of execution for possession outside the statutory scheme. *See* G.L.c. 239, s. 1, *et seq.*.

19. In asserting the causes of action contained in the *Amended* Complaint, Plaintiff has pled sufficient facts to state a claim upon which can be granted. *Bell Atlantic Corp. v. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1995, 167 L.Ed. 2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed. 2d 868 (2009). Out of the 11- counts contained in the *Amended* Complaint, only Counts I-IV, VIII and XI involve one or more of the Federal Defendants. Counts I-IV seeks Declaratory Judgment pursuant to 28 U.S.C. ss. 2201-02, *et seq.* and Fed. R. Civ. P. 57 based upon allegations of issuance of multiple void writs of execution for possession by Zobel which were thereafter entered upon the court docket in the 2013 Consolidated Civil Action[11] by Urso, and then utilizing the last such issued void

---

[10] Residential Funding and RESCAP have always maintained that the 20-year limitation period pursuant to G.L.c. 235, s. 23, first par. applied to Plaintiff's tenancy. This simply cannot be so, since the premises were premises rented or leased for dwelling purposes and in *Residential Funding Co. v. Allison L. Randle, et al*, United States District Court for the District of Massachusetts – *Central Division*, No. 4:13-cv-40076-TSH, Timothy S. Hillman, J. in finding that Plaintiff was a lessee under a certain written that such was the case. (*See* ECF No. 28; November 25, 2013 of the 2011 Civil Action; *see also* n. 11, *infra*).

[11] *Residential Funding Co., LLC f/k/a Residential Funding Corp. v. Allison L. Randle, et al*; United States District Court for the District of Massachusetts – *Central Division*, No. 4:13-cv-40076-TSH, as consolidated with *Eldorado Canyon Properties, LLC v. Residential Funding Co., LLC f/k/a Residential*

writ, the USMS to unlawfully evict the Plaintiff from his residence without due process of law. In each such instance, the Federal Defendants were acting outside the scope of their respective jurisdiction authority.

20. Count VIII seeks a determination that Zobel and Urso deprived Plaintiff of its constitutional rights, privileges and immunities pursuant to 42 U.S.C. s. 1983, but does not seek any monetary damages. Rather, Plaintiff asserted this claim at a time when the last writ of execution for possession had not yet been acted upon and the Plaintiff was seeking injunctive relief to enjoin RESCAP and the USMC from acting upon the last known writ of execution to obtain possession of plaintiff's residence and where declaratory relief might be unavailable.

21. Finally, Count XI asserted an independent right of action pursuant to Fed. R. Civ. P. 6(d)(1)[12] is a recognized method by which a party may seek relief from a prior judgment that is void, ab initio, for lack of subject-matter jurisdiction *or* because one or more writs of execution for possession are stale, and this void. In such an instance, another federal judge might be assigned, and could take any appropriate action to right the wrongs visited upon the plaintiff as set forth therein.

22. And in answering further, Affiant sayeth not.

---

*Funding Co., et al*; United States District Court for the District of Massachusetts – *Eastern Division*, No. 2011-cv-12111-RWZ (herein the "2011 Civil Action").

[12] *Not* Rule 60(b) of the Federal Rules of Civil Procedure.

Executed under the pains and penalties of perjury this __18th__, day of June, 2018.

_____
Ara Eresian, Jr.

# EXHIBIT "1"



U.S. Department of Justice

United States Marshals Service

District of Massachusetts

Worcester, MA 01608

## MEMORANDUM

DATE:     May 4, 2006

TO:       Jim Arena, LCSO

FROM:     Tom Bezanson, SDUSM

SUBJECT:  **Service of Process in the Federal Courthouse**

The following procedures will be followed for persons attempting to serve court civil/criminal process in the Worcester Federal Courthouse.

When a law enforcement officer or private process server arrives to serve process please have them wait in the lobby area. Identify who is to be served, an individual or office/department then call the subject of the process and ask if they will accept service. If the person refuses service then advise the process server and ask them to leave. Nothing can stop them from waiting outside the courthouse to serve the subject later. If the person agrees to service then they can come down to the lobby or the server can go directly to the subject office if convenient.

At no time should a process server be allowed into the building to roam around looking for the subject of the process. There will be occasions when someone will use a pretext to enter the building for court or to visit the Clerk's office then attempt to find the subject of the process. If this occurs please contact this office immediately.

Please have the entire CSO staff review this memo and thank you for your assistance in this matter.